MARION ADAMS, Respondent, *v.* LOUIS R. ADAMS, Appellant.

First Department, July 13, 1917.

**Husband and wife — alimony — form of order — contempt for failure to pay — knowledge of purport of order resulting from motion to modify same.**

*It seems,* that where an order is made requiring the payment of alimony and counsel fee it is the better practice to employ the "long form" order. But, in any event, the order as a basis for contempt proceedings must state clearly, so as to be understood by a layman, the precise directions, not only as to the amount to be paid, but as to the time and place of payment and the person to whom payment is to be made.

However, where the defendant clearly showed that he understood the purport of a "short form" order served upon him by making a motion to modify the same, which motion was granted, he was not in a position to claim that he was ignorant of the requirements of the order when it was sought to hold him in contempt for failure to pay alimony and counsel fees.

APPEAL by the defendant, Louis R. Adams, from an order of the Supreme Court, made at the New York Special Term and entered in the office of the clerk of the county of New York on the 7th day of April, 1917, adjudging him in contempt of court for failure to pay alimony and counsel fee.

*Herman L. Roth,* for the appellant.

*C. C. Daniels,* for the respondent.

SHEARN, J.:

When an order is made requiring the payment of alimony and counsel fee, it is the better practice to employ the " long-form " order. But in any event, as a basis for contempt proceedings, the order must clearly state, so as to be readily understood by a layman, precise directions not only as to the amount to be paid but as to the time and place of payment and the person to whom payment is to be made. In the case at bar, although the " short-form " order was employed, the defendant showed that he thoroughly understood its provisions by making a motion to modify the order. When this motion was granted and the modified order, specifying in what particulars the defendant's motion had been granted, was served upon the defendant with a proper demand for payment, the defendant was in no position to claim that he was ignorant of what was required of him.

The order should be affirmed, with ten dollars costs and disbursements.

CLARKE, P. J., LAUGHLIN, SMITH and PAGE, JJ., concurred.

Order affirmed, with ten dollars costs and disbursements.