**596** LePage *v.* LePage.

Fourth Department, March, 1924. [Vol. 208

---

Lillian LePage, Appellant, *v.* Elzear LePage, Respondent.

Fourth Department, March 19, 1924.

Contempt — proceeding to punish defendant in separation action for willful violation of order — proceeding is one to punish for criminal contempt — order directed defendant to permit plaintiff to remain in house and to supply fuel and light — defendant violated order by removing furniture.

A criminal contempt is charged in proceedings to punish the defendant for the violation of an order, where the papers upon which the order to show cause is granted charge the defendant with the willful and contumacious disobedience of the order.

An order in an action for separation, which provided that the defendant should permit the plaintiff to remain in the house which she then occupied and directed that the defendant should supply the plaintiff in said house with the necessary fuel and electricity, unquestionably required the defendant to permit the plaintiff to remain in a livable house, that is, a house which was furnished, and, therefore, the defendant is guilty of violating the order, since it appears that about one year after the order was made, he removed the furniture from the house.

Hubbs, P. J., and Davis, J., dissent.

Appeal by the plaintiff, Lillian LePage, from an order of the Supreme Court, made at the Monroe Special Term and entered in the office of the clerk of the county of Monroe on the 29th day of October, 1923, denying plaintiff's motion to punish the defendant for violation of an order entered in said clerk's office on the 15th day of December, 1922, in an action for separation.

*William L. Clay,* for the appellant.

*James S. Bryan,* for the respondent.

Sears, J.:

Upon the return of an order to show cause the Special Term denied a motion to punish the defendant for contempt of court. An appeal has now been taken from the order denying the motion. The papers upon which the order to show cause was granted charged the defendant with the willful and contumacious disobedience of the terms of a previous order of the Supreme Court granted in this action. This proceeding is, therefore, seemingly one to punish defendant for an alleged criminal contempt. (*Eastern C. S. Co.* v. *Bricklayers' & M. P. I. U., Local No. 45,* 200 App. Div. 714.)

The order which the defendant is charged with having willfully violated provides for the payment by the defendant to the plaintiff of temporary alimony in the amount of ten dollars a week, and continues as follows: " that in addition the defendant is hereby directed to permit the plaintiff to remain in the house she now occupies at 136 West Elm Street in the Village of East Rochester, New York, and the defendant is hereby further directed to supply to the plaintiff in the said house the necessary fuel and electricity not exceeding, however, the amounts used during the corresponding periods of last year and the defendant is further hereby directed to provide the necessary suitable clothing for the two children of the parties hereto.   *   *   * "

The plaintiff's motion papers set forth as a violation of this order the removal of furniture by the defendant from the house mentioned in the order. The motion to punish for contempt was denied as stated by the learned justice who presided at the Special Term because it did not appear " by the terms and pro-

visions of said order that the defendant violated said order in removing the furniture from said premises or that he was required to allow said furniture to remain in said premises or to furnish said house."

It is doubtless true that an order must be clear and explicit to warrant a contempt proceeding for its violation. (*Ketchum* v. *Edwards*, 153 N. Y. 534; *Archer* v. *Hesse*, 164 App. Div. 493.) It has also been held that if the defendant understands the terms of an order, he is in no position to claim that he was ignorant of what was required of him. (*Adams* v. *Adams*, 179 App. Div. 152.)

To our minds the order here involved unquestionably required the defendant to permit the plaintiff to remain in a livable house. The order referred to a dwelling in which the plaintiff had been living and not to the renting of a new one. The plaintiff's allowance of alimony was so small as to preclude the possibility of her procuring furniture out of it for herself and her two children. It is unthinkable that the order was intended to secure for the plaintiff the occupancy of her home stripped of all its furniture and fittings. The order even required the defendant to pay for the fuel and electricity for the house. Even the defendant could not have supposed that such fuel and electricity were to be supplied for an empty house. The affidavit of the defendant read in opposition to the motion for temporary alimony stated: " plaintiff has had the use of a house in the Village of East Rochester, the fair rental value of which is $45.00 per month and which can be secured for said house at once if the plaintiff will move out, and in addition thereto plaintiff has in her possession the entire furniture and equipment of said house which cost the defendant in excess of $3,485.00, and consists of six rooms completely furnished, including player piano which cost $600.00, and a combination range which cost $225.00, an electric washer and irons, mahogany bedroom suite, mahogany parlor suite and other furniture, linens, etc."

The conduct of the defendant also corroborates the view that he understood the terms of the order to refer to a furnished house for the defendant permitted the furniture to remain in the house as it was on the 15th day of December, 1922, when the order was granted until the tenth day of October of the following year when he is alleged to have removed it. The affidavits show that the removal of the furniture, as was to be expected, has deprived the plaintiff of the use of the premises. We are of opinion that the order sufficiently described a usable or furnished house so as to imply that the defendant was forbidden to remove the necessary furniture and fittings.

The order appealed from should, therefore, be reversed and the matter remitted to the Special Term for the parties to take such further proceedings as they may be advised.

All concur, except HUBBS, P. J., and DAVIS, J., who dissent and vote for affirmance.

Order reversed, with ten dollars costs and disbursements, and matter remitted to Special Term where parties may proceed as they may be advised.