In the Matter of the Application of ABRAHAM MITCHELL, Respondent, against RUBIN SPERLING and Another, Individually and as President and Secretary, Respectively, of the INDEPENDENT BUKARESTER SICK AID ASSOCIATION, Appellants.

First Department, May 2, 1930.

*Max Ornstein*, for the appellants.

*Max Rothenberg* of counsel [*Samuel Edelstein* with him on the brief; *Max Rothenberg*, attorney], for the respondent.

FINCH, J. The two defendants, as individuals, and as president and secretary, respectively, of the defendant association, appeal from an order denying a motion to punish them for contempt in so far as it attaches conditions to the denial of the motion.

Petitioner, a member of a benevolent association, obtained an order granting his motion to inspect, with his accountant, the books of the association at the expense of the latter. From this order no appeal has been taken. The books were duly produced and the inspection commenced. After the inspection had proceeded for about half an hour a dispute arose as to the amount of the fee of the accountant. The petitioner contends that the appellants refused to permit the examination to proceed until this question of the fee was settled. The merits of this dispute are not material. The only fact material to this appeal is whether the order which forms the basis of this motion for contempt is sufficiently clear and precise as to the compensation to be paid to permit a motion to punish for contempt to be based thereon.

The petitioner claims that the order is sufficiently definite, since all the association would be liable for in any event is the reasonable value of the services of the accountant. The appellants, on the other hand, claim that they might subject the association to an expense out of all proportion to the reasonable objects to be attained and the means of the association, presumably upon the premise that by standing by and permitting the expense to be incurred, the appellants might thereby waive on behalf of the association any rights it might otherwise have to object to the cost. To protect its rights the officers, therefore, objected at the outset to the payment of more than a fixed amount. The justice at Special Term, in recognition of the aforesaid possibility, said upon the motion to punish for contempt that in his opinion " the order should provide that this expense should not exceed a fixed sum." Certain it is that upon this record there is much ill-feeling between the parties and that each is seeking the most extreme construction of which the order is susceptible in aid of his contention.

Unless a contempt proceeding is based upon an order which is clear and precise, no finding of contempt may be made. (*Ziegfeld* v. *Norworth*, 148 App. Div. 185, 191; *Ketchum* v. *Edwards*, 153 N. Y. 534.) While the wording of the order directing the examination at the expense of the association may mean that this expense shall not exceed a reasonable amount, yet it does not in terms so provide, and there is also force to the objection of the appellants that, by standing by and seeing the expense incurred without objection, they may be held later to have waived their right to object. Even assuming, however, that the expense should not exceed the reasonable value, yet this reasonable value may differ widely according to the standing and usual charges of the accountant employed, the time consumed and the thoroughness and extent of the examination and analysis made. The learned court at Special Term assumed that the defendants might be punished for contempt and, therefore, denied the motion upon certain conditions. As the order upon which the contempt is based was not sufficiently clear and precise to permit of the granting of the motion, the appellants were entitled to an absolute denial, and the imposition of terms as a condition of the denial was error. It follows that the order appealed from should be modified so as to eliminate the terms and, as so modified, affirmed, with ten dollars costs and disbursements to the appellants.

Dowling, P. J., Merrell, McAvoy and Sherman, JJ., concur.

Order, so far as appealed from, modified by striking therefrom all after the word " denied," and as so modified affirmed, with ten dollars costs and disbursements to the appellants.