In the Matter of the Petition of ALICE CARY ROWLAND and Others to Render and Settle Their Intermediate Account as Executors, etc., of CHARLES BRADLEY ROWLAND, Deceased. ALICE CARY ROWLAND and Others, Individually and as Executors, etc., of CHARLES BRADLEY ROWLAND, Deceased, Appellants; CYRUS S. JULLIEN, as Special Guardian for ANN ELSWORTH ROWLAND, an Infant, etc., Respondent.— In an accounting by executors, the questions arose as to whether the taxes and other expenses of certain real estate held by the executors in trust should be apportioned between principal and income or should be charged solely to income; and whether the net proceeds of a sale of a portion of such real estate should be so apportioned. The property was productive at the date of the will and of the death of the testator, but became unproductive about a year after the testator died and more than nine years after the will was executed. It was held that such sums were payable out of income and the executors were surcharged in the decree with such amounts. The net proceeds of the parcels already sold were held to be principal. An examination of the will and the surrounding circumstances lead to an acceptance of the views of the learned surrogate and an approval of the reasoning and conclusions in his opinion. (See 155 Misc. 826.) As to the apportionment between principal and income of the property unsold, that question seems to have been held in abeyance, to be determined by the surrogate after such sale has been made. In so far as an appeal is taken therefrom, the decree of the Surrogate's Court of Kings county is unanimously affirmed, with costs to respondent, payable out of the estate. Present — Lazansky, P. J., Hagarty, Carswell, Davis and Johnston, JJ. [155 Misc. 826.]

In the Matter of the Supplementary Proceedings of DAVID WILLIAMSON, Respondent, v. PETER DROGARIS, Appellant, and Others. In the Matter of the Supplementary Proceedings of ZARAH WILLIAMSON, Respondent, v. PETER DROGARIS, Appellant, and Others.—Appeal from an order punishing a judgment debtor for contempt in failing to obey an order directing him to pay the sum of four dollars a week in payment of two certain judgments, pursuant to the provisions of section 793 of the Civil Practice Act, and fining him the amount of the judgments, although he was in default in the sum of eight dollars at the time the motion to punish for contempt was brought on for hearing. Order modified by reducing the amount of the fine to eight dollars, which was the actual loss or injury to the judgment creditors at the time of the hearing of the motion, and by providing that the judgment debtor may purge himself of such contempt by paying the amount of the fine, as herein reduced, within five days from the entry of the order hereon. The paragraph of the order numbered seventh is modified in accordance with the foregoing. As so modified, the order is affirmed, without costs. This was the limit of the fine that could be imposed pursuant to the provisions of section 773 of the Judiciary Law. (*Consumer's Poultry Dealers Corp.* v. *Podberesky Bros., Inc.*, 244 App. Div. 754; *Fall Brook Coal Co.* v. *Hecksher*, 42 Hun, 534; *Moffat* v. *Herman*, 116 N. Y. 131.) Lazansky, P. J., Young, Davis, Johnston and Adel, JJ., concur. Settle order on notice.