Ruth Harvey, Respondent, v. Salmon C. Harvey, Appellant.— Plaintiff moved to punish defendant for contempt for failing to pay $910, in violation of two orders dated December 18, 1950, and October 1, 1953, directing him to "furnish the plaintiff with any medical services and treatment that may become necessary for the infant issue" of the parties. In opposition to the motion

defendant questioned the necessity for and the reasonableness of the amounts of several of the items involved. Order granting plaintiff's motion reversed, without costs, and matter remitted to Special Term for a hearing on the disputed items. In our opinion, the questions raised by the affidavits in support of and in opposition to the motion should not have been determined without a hearing. Wenzel, MacCrate, Schmidt and Beldock, JJ., concur; Nolan, P. J., concurs in the reversal of the order, but dissents as to the remission of the matter to the Special Term, and votes to deny the motion, with the following memorandum: Defendant has been adjudged in contempt for alleged violations of two " orders ", neither of which is printed in the record. Apparently, the two orders referred to amended a final judgment, and if there was any failure to comply with a mandate of the court, it was the provisions of the judgment which were violated. That judgment is not printed in the record, but we are informed that, as modified, it provides that defendant shall " furnish the plaintiff with any medical services and treatment that may become necessary for the infant issue herein ". It was charged against defendant that he had failed to pay medical bills amounting to $910. Defendant, who is himself a doctor, alleges such bills were incurred by plaintiff without his knowledge or consent. If he is to be held in contempt for failure to pay medical bills incurred by plaintiff, the judgment should be amended so as to provide for such payment in terms which shall clearly define his liability. The present judgment, which does not state how the medical services should be furnished, and does not provide for payment of bills incurred by others, and makes no provision for any limit of defendant's liability, or the time when payments are to be made, is too vague and indefinite to furnish the basis for a contempt proceeding. (*Ketchum* v. *Edwards*, 153 N. Y. 534, 539; *Adams* v. *Adams*, 179 App. Div. 152.)