Matthew M. Levy, J.
This is a motion by the defendant to punish the plaintiff for contempt in refusing to pay certain printing disbursements incurred by the defendant on appeal. By order, the plaintiff was directed to pay to the defendant (in addition to a counsel fee in a specified sum) “ the reasonable *65 disbursements incurred by defendant in the printing of her brief on appeal ”. The defendant claims these disbursements amount to $135.10 and that they are reasonable. The plaintiff says the charge is excessive.
It seems to me that before a person may be adjudged in contempt, he must be charged with a violation of a specific, definite direction. The order here required the plaintiff to make payment, not of a known sum, but of a certain “ reasonable ” disbursement later to be incurred and ascertained. In my view, contempt proceedings for nonperformance of this directive cannot properly be based upon the defendant’s unilateral, nonjudicial determination of what is “ reasonable ”, The precise amount to be paid must first be fixed. The defendant should either have duly taxed the disbursements under the order, or procured an amended or resettled order specifying the amount due, or obtained a further order to that effect (cf. Matter of Mitchell v. Sperling, 229 App. Div. 204).
In the circumstances, the defendant’s motion to punish is denied, without prejudice to renewal after appropriate fixation of the specific amount to be paid as directed by the order.