Matthew M. Levy, J.
This is a motion by the defendant wife to punish the relator, her husband, for nonpayment of counsel fees awarded the defendant at the conclusion of a habeas corpus proceeding instituted by the relator to secure an enlargement of visitation rights theretofore Ordered with respect to the child of the parties. The amount involved is small indeed, but the issues involved are quite large, and I have decided to deal with the problem on the latter plane. ‘ ‘ To protect the liberty of the individual from possible abuse of power, punishment for contempt is hedged about with restrictions and subject to regulations imposed by the Legislature. Disobedience only of mandates of the court given in accordance with law are subject to such punishment.” (Matter of Spector v. Allen, 281 N. Y. 251, 260.)
The order — upon which this motion is jurisdictionally based — was entered on November 25, 1955, is in short form, and provides merely that “ this motion [by the relator in this habeas corpus proceeding], to modify the final order herein [dated December 15,1953] so as to enlarge the relator’s rights of visitation is denied. Counsel fee in the Sum of $150 is allowed to defendant’s attorney.” Heretofore, the wife moved in a separation action pending between the parties to punish her husband for nonpayment of the counsel fee. That motion was denied upon the ground that the custody proceeding was distinct from the matrimonial action and that the husband’s failure to pay the counsel fees awarded in that proceeding was not punishable for contempt in the action. The denial was without prejudice to an application to punish brought in the habeas corpus proceeding, and that is the motion now before me, There is no dispute that the counsel fee has not been paid. Nevertheless, I am of the view that the prayer to punish for contempt must be rejected, and for several reasons.
Firstly, there is here no direction by the court to pay — there is merely an allowance or award of counsel fee, And there appears to be no other order subsequently entered making such direction. Without a clear and precise judicial mandate, *595 there can be no holding of contempt for alleged disobedience. (Spector v. Allen, 281 N. Y. 251, supra; Howard S. Tierney, Inc,, v. James, 269 App. Div. 348; Matter of Mitchell v. Sperling, 229 App. Div. 204; Sabbeth v. Sabbeth, 2 Misc 2d 64.) Secondly, assuming that the allowance of a counsel fee was intended to be and in fact was a judicial direction which the relator (on pain of being in contempt) must obey — as distinguished from the defendant’s right to enter judgment for the amount of the award — the issue arises as to the propriety of an allowance of a counsel fee in a habeas corpus proceeding. Of course, if the award were erroneous only, it cannot be collaterally attacked. For if he were aggrieved, the relator’s remedy was to appeal. (Cf. Tomoser v. Hegyi, 1 A D 2d 759.) But if the court were without jurisdiction to grant the allowance, no charge of contempt can be based thereon. (Bachman v. Harrington, 184 N. Y. 458; People ex rel. Lower v. Donovan, 135 N. Y. 76; cf. People ex rel. Cauffman v. Van Buren, 136 N. Y. 252; Matter of S. M. (& J. Eisenstadt, Inc., v. Heffernan, 256 App. Div. 488, affd. 283 N. Y. 578.)
The court may, of course, award costs in a civil habeas corpus proceeding (Matter of Barnett, 11 Hun 468; Matter of Teese, 32 App. Div. 46, 48; People ex rel. Curtis v. Kidney, 225 N. Y. 299, 305; Civ. Prac. Act, § 1492). But, it is well recognized that, in this State (unlike in England) “ costs ”, as such, are not the same as counsel fees. The jurisdiction to impose costs is not necessarily inclusive of. the power to award a counsel fee; and there appears to be no statutory provision for an allowance of a counsel fee (as distinct from costs) in a habeas corpus proceeding. In consequence, the grant of a counsel fee in such a proceeding is not permissible (Forbell v. Forbell, 82 N. Y. S. 2d 109, 110). That is not affected by the principle that the professional services rendered by the wife’s attorney in such a proceeding may be “necessaries” for which the husband is legally liable. (See McLaughlin v. McCanliss, 146 Misc. 518, affd. 240 App. Div. 964; cf. Dravecka v. Richard, 267 N. Y. 180; Matter of Kaufman [Gonzalez], 272 App. Div. 323. affd. 297 N. Y. 814.)
Finally, let us assume that the allowance of the counsel fee was a direction by the court that the relator pay costs in the amount specified. The motion must nevertheless be denied. I have been cited no provision in the Judiciary Law or in the Civil Practice Act or in any other legislation for the collection — by way of contempt — of costs or counsel fee awarded in a habeas corpus proceeding such as this. And I have found no such statute on my own. The provisions of section 1169-a of the *596 Civil Practice Act do not apply, since the validity or nullity of a foreign judgment is not involved here, and since neither party sought a declaration of marital status in this proceeding (cf. Ravaud v. Ravaud, 273 App. Div. 507, affd. 298 N. Y. 744). Moreover, the failure or refusal by a party to pay costs or allowances awarded against him by a final order does not generally constitute a contempt under section 753 of the Judiciary Law, and the payment thereof may be enforced only by execution after the entry of judgment on the final order (Hennig v. Abrahams, 246 App. Div. 621, affd. 270 N. Y. 626; Matter of Cohen v. Cohen, 252 App. Div. 885).
The motion is denied and an order has been entered to that effect.