Matthew M. Levy, J.
Disposition of the instant case was, after trial, held in abeyance pending determination of the issues of the claimed unconstitutionality and invalidity of section 22-a of the Code of Criminal Procedure. That statute has now been upheld by this court, by the Court of Appeals of New York and by the Supreme Court of the United States (Burke v. Kingsley Books, 208 Misc. 150, affd. sub nom. Brown v. Kingsley Books, 1 N Y 2d 177, affd. sub nom. Kingsley Books v. Brown, 354 U. S. 436).
The sole questions now remaining are (1) whether the so-called “ strip-tease nudes ” photographs found available for sale in the several places of business of the respective defendants (retail booksellers and newspaper vendors in mid-Manhattan), are “ obscene ” within the meaning of section 22-a, and (2) assuming an affirmative finding in that regard, whether, in the light of established principles of equity jurisprudence, the plaintiff is, in the circumstances of this case, entitled to the relief prayed for by him or, indeed, to any relief. The first issue only was argued and briefed by counsel. I have, however, considered, and I shall discuss, both.
(1) The subject exhibit consists of 75 packages of individual photographs of one or more female persons in a semi-nude or nude state (except for some covering of the genitalia). After a set of images in any one package is consecutively arranged by the viewer, he may then observe the pictured female in a progressive state of undress — thus, the appellation “ strip-tease ” in common vernacular, more literately known as “ eedysis ” (see Burke, J., dissenting in Matter of Excelsior Pictures Corp. v. Regents of Univ. of State of N. Y., 3 N Y 2d 237, 248).
My aversion to merchandising in filth has been sufficiently expressed in the first Kingsley case (supra) and need not be repeated here. The plaintiff, as representative of the community in the battle against commerce in pornography, should be afforded every opportunity to utilize ‘ ‘ various weapons in *308 the armory of the law ” (Frankfurter, J., in Kingsley Books v. Brown, 354 U. S. 436, 441). But, in the light of my adherence to the principles of the Bill of Bights, and in view of the rule of the burden of proof, I hold that obscenity there must be by a fair preponderance of the evidence before the plaintiff may successfully invoke the equity jurisdiction established by section 22-a.
In the case at bar, pictures in various poses there are. But, as Mr. Justice Brennan said for the court in Roth v. United States (354 U. S. 476, 487, 489), “ sex and obscenity are not synonymous. Obscene material is material which deals with sex in a manner appealing to the prurient interest the test is ‘1 whether to the average person, applying contemporary community standards, the dominant theme of the material taken as a whole appeals to prurient interest ”. And, as Judge Desmond, speaking for the court in Matter of Excelsior Pictures Corp. v. Regents of Univ. of State of N. Y. (3 N Y 2d 237, 242, supra), pointed out, “ ‘ an obscene nude is a nude that allures ’ ”. Whatever I might say as to a number of these photographs being inartistic or inelegant, I hold that the prints in evidence — either singly or in a set — are not “obscene”, as that term has thus been authoritatively defined by our appellate courts.
(2) Moreover, the plaintiff does not invoke section 22-a as against this material alone. He contends “ that the finding of this Court as concerns the pictures in Exhibit 1 [that is, the 75 sets in evidence] [would] apply equally to all the pictures of similar type in the possession of the defendants and extend to pictures of similar type subsequently acquired ”, and that, therefore, if the court finds that the exhibits are obscene, “ judgment should be rendered against the sale or acquisition of similar types of pictures ”. In thus presenting his prayer for relief, the plaintiff does not limit himself to the photographs in evidence, or even to duplicate or copy prints made from the same negatives. Bather, he specifically urges interdiction of similar photographs although they have not been submitted to the court for view and determination. There are what seem to me to be sound reasons for the rejection of the plaintiff’s plea.
(a) The plaintiff’s premise is erroneous. Neither in language nor by implication does the statute condemn or exculpate a photograph or a set of photographs “ similar ” to those exhibited to the court for determination as to their obscene character or lack of it. As I read the applicable section, each “ book, magazine, pamphlet, comic book, story paper, writing, *309 paper, picture, drawing, photograph, figure, image or any written or printed matter ” is sui generis and is to be separately judged on its own as to whether it is £ 4 obscene, lewd, lascivious, filthy, indecent or disgusting ” so as to be subject to the statutory ban (Code Grim. Pro., § 22-a, subd. 1). And when I say that, I think I should make clear that I refer not to what is a copy of the subject material but what is claimed to be akin to it. Within the context of this legislation, a duplicate photograph cannot be truly said to be merely similar to the photograph under inquiry; it is the same. This is not simply a matter of semantics. I held in the first Kingsley case (supra) that a decree favorable to the plaintiff in respect of subsequent issues of the publication known as the “ Nights of Horror ”— however obnoxious the issues submitted to me — would be a species of unconstitutional prior restraint upon freedom of the press (see Burke v. Kingsley Books, 208 Misc. 150, 168, 169, supra). My view of the law in that regard appears to have been expressly approved on appeal (see 1 N Y 2d 177, 185, 187, 189; 354 U. S. 436, 439, 441, 445). Implicit, at the least, in that holding is that the statute operates as against the original exhibit and on what is a copy — not on what may later be deemed to resemble it. I would therefore not undertake to enjoin or suppress similar photographs — even had I reached the conclusion that the prints in evidence came within the condemnation of the statute. For what is or is not-truly 11 similar ” in the field of obscenity may in any particular case be too hazy an area to hazard the use of the injunctive and suppressive process established by this enactnient.
(b) If I were to enjoin the defendants from selling or distributing (§ 22-a, subd. 1) not only the material in evidence, but “ similar types of pictures ”, the defendants would not be sufficiently informed in advance — on pain of being jailed for contempt — as to just what they are forbidden by the decree to do (cf. Sabbeth v. Sabbeth, 2 Misc 2d 64; People ex rel. Sabbeth v. Sabbeth, 2 Misc 2d 593). And if I were to direct the sheriff to seize and destroy (§ 22-a, subd. 3) not only what I have actually seen and determined to be obscene, but also “ similar ” photographs, it would be his duty to determine — at the peril of being charged with official misfeasance — just what is or what is not an approximation of the exhibits before the court. He would thus become an administrative censor — a status or responsibility not envisaged in the statute — rather than an executive arm of the judicial process. Or, if neither the defendants nor the sheriff were entitled or required to decide the issue, and to decide it correctly, further proceedings in and before *310 the court would have to be instituted, and thus the court would, in the end, still have the responsibility of determining whether any photograph or set of photographs is or is not “ similar ”— that is to say, whether it is or is not obscene on its own.
In sum, I hold that to enjoin and suppress what has not been exhibited for adjudication would be impermissible as a matter of law, impractical as a matter of execution, and inappropriate as a matter of civil liberty.
I deem it fit to note here that the plaintiff frankly states in his brief that, if there were a finding of obscenity in the instant case and ‘ ‘ the Court were to limit the injunctive relief to the pictures or sets of pictures in Plaintiff’s Exhibit 1, such relief would be utterly meaningless and fruitless ”. In the circumstances, numerous precedents tell us that no injunctive relief should be granted. That ‘ ‘ a court of equity will not do a useless or vain thing ” is an ancient maxim of hornbook learning and general recognition (30 C. J. S., Equity, § 16, p. 336). In view of what the plaintiff himself says as to the innocuous and futile nature of the relief which, in my view, I might properly grant here — even were there a finding of obscenity — the plaintiff appears not to desire a decree if confined to the photographs in evidence or to duplicates thereof. In the light of my holding on the first issue, I do not deem it necessary to indicate here whether or not I agree with the plaintiff’s position in regard to this phase of the second issue.
Findings of fact and conclusions of law having been waived by the parties, this memorandum will be deemed my decision in compliance with section 440 of the Civil Practice Act. Settle judgment in favor of the defendants, dismissing the complaint, and providing for appropriate substitution of the party plaintiff. No costs. The exhibits may be obtained by counsel from the clerk upon due receipt therefor.