Arthur G. Klein, J.
This writ of habeas corpus has been obtained by the relators who were arrested and committed on a warrant of the Governor of the State of New York, pursuant to a requisition of the Governor of Pennsylvania, following the relators’ indictment of the crime of distributing obscene literature in the City and County of Philadelphia. They have been released on bail of $500 pending the hearing of the writ.
The facts are undisputed and are established by stipulations and concessions of the parties at the hearing. No additional' testimony was taken.
On or about April 29, 1958, the relators were indicted by the Philadelphia Grand Jury for distributing obscene literature. The literature in question was sold by the relators, in the City of New York, to one Silberberg for distribution in various places outside thé City of New York, including the State of Pennsylvania. The relators were not in Pennsylvania on or about the times of the commission of the alleged crimes.
The right of extradition in the present case, therefore, depends upon compliance with the provisions of section 834 of the Code of Criminal Procedure which provides that extradition may issue for “ any person in this state charged in such other state * * * with committing an act in this state or in a third state, intentionally resulting in a crime ” in the demanding State, ‘ ‘ when the acts * * * would be punishable by the laws of this state, if the consequences claimed to have resulted therefrom in the demanding state had taken effect in this state ”.
In order to maintain an extradition proceeding under section 834, therefore, it must be established that the person sought to be extradited committed an act in this State intentionally resulting in a crime in the demanding State, provided that the acts for which the extradition is sought would be punishable by the laws of this State if the consequences claimed to have resulted therefrom in the demanding State had taken effect in this State (People ex rel. Albert v. Commissioner of Correction, 111 N. Y. S. 2d 307, 309).
The relators concede that they cannot contest in these proceedings the charges that they distributed the publications in *849 question in the demanding State. The sole issue presented here is whether the acts charged, namely, the distribution of such literature would be punishable by the laws of New York, if such or similar publications were distributed in this State.
Unless this literature, as typified by the exhibits submitted on the argument of the application for the sustaining of the writ is obscene and thus the distribution punishable by the laws of New York, the writ must be sustained.
We are not here concerned with whether such distribution is punishable by the laws of Pennsylvania.
A perusal of the exhibits submitted by the respondent which concededly are typical of the publications for the distribution of which relators have been indicted clearly establishes that they cannot be characterized as obscene under the laws of New York.
'What constitutes obscene literature within the meaning of section 1141 of the Penal Law of New York, the statute applicable here, has been repeatedly defined and explained by the courts of this State and of the United States (Roth v. United States, 354 U. S. 476, 487, 489; Matter of Excelsior Pictures, Corp. v. Regents of Univ. of State of N. Y., 3 N Y 2d 237, 242; Burke v. Kingsley Books, 8 Misc 2d 306). The exhibits proffered here consist of what might be called art model magazines. There is nothing particularly suggestive in them. In the opinion of the court they are vulgar and in poor taste, but there is, however, nothing sexually suggested and they portray neither partial nor complete nudity in the ordinary acceptance of such terms. As stated in the Roth case (supra) “ Obscene material is material which deals with sex in a manner appealing to the prurient interest ”; the test is “ whether to the average person, applying contemporary community standards, the dominant theme of the material taken as a whole appeals to prurient interest.” Neither may the so-called detective story publication be labelled obscene under the clear definition enunciated in the cases cited above and in the authorities set forth in those cases.
It is not enough that a publication be vulgar, in bad taste, or offensive to standards of refinement or decency. To support the extradition here, it must appear that they are violative of the laws of New' York and punishable under such laws.
Nothing before me meets such a test.
The writ is accordingly sustained, and the relators are discharged. Bail is likewise discharged. Settle order in appropriate form.