Frank A. Gulotta, J.
Application for an ex parte warrant of commitment for failure to make installment payments on a judgment, pursuant to an order of the court, is denied.
The basic order herein which was granted without opposition is defective in making an absolute direction to pay weekly payments on the judgment, since section 793 of the Civil Practice Act provides for such payments only out of income.
As was observed in Compton & Co. v. Williams (248 App. Div. 545, 550): “ The order, however, must be modified in one particular. The payments called for by section 793 of the Civil Practice Act are to be made from the income of the judgment debtor. If he has no income, there is no authority in this section to direct him to pay any specified amount to his creditor. The reason for this is clear. If he refuses, or without good reason neglects to make the payments as ordered, he is liable to be punished for contempt of court. If directed to pay the installments out of his income, and he has no income during certain periods, by failing to make his payments on such occasions he does not disobey the mandate of the court, and cannot be punished for contempt.” But aside from this I do not believe that a judgment creditor can in any event summarily have a judgment debtor committed to jail without notice under section 756 of the Judiciary Law for failure to make installment payments. Section 793 of the Civil Practice Act merely provides that such a civil contempt is punishable under article 19 of the Judiciary Law which covers many sections including section 757 and the familiar motion to punish for contempt before committing the offender.
It was stated in an early case, Clark v. Bininger (75 N. Y. 344 [1878]) in connection with another type of court order to pay money, at page 350: “ It was therefore proper practice not to issue a precept without notice to him, as provided in the fourth section, but to grant an order to show cause why he should not be punished for his ‘ misconduct Woodruff, J., was probably right in saying that with reference to the precept under the fourth section, it may issued ex parte, without regard to the ability of the party to pay the money, and whether his disobedience was willful or not. (People v. Cowles, 3 Abb. Ct. of App. Decisions, pp. 507, 510; see, also, In re Kelly, 62 N. Y., 198.) But here a willful contempt, as an officer of the court, was charged, and according to the statute, he must have an opportunity to be heard, and there must be an adjudication that he was guilty of misconduct.”
*43 The order herein is similar. It is not to pay money in all events whether you have it or not, but to pay out of income.
Furthermore the practice of proceeding by motion to punish was specifically approved in Barnard v. Barnard (251 App. Div. 745) and the fine is limited to the amount due at the time of the motion. (Williamson v. Drogaris, 248 App. Div. 627.)