■ SYLVIA GLASSMAN, Respondent, v. SOLOMON GLASSMAN, Appellant.— In an action for a judicial separation, in which a judgment of separation had been entered in favor of the plaintiff wife and thereafter modified, the husband appeals from an order of the Supreme Court, Queens County, entered July 1, 1963 after trial before a Referee, which granted the wife's motion to adjudge him in contempt and which imposed a fine, including counsel fee, for his failure to comply with the provision of said judgment directing him to pay all carrying charges, "including * * * all necessary repairs and replacements" on the house owned by the defendant but awarded by the judgment to the plaintiff and to the parties' children as their residence. Order reversed, without costs, and motion to punish the husband for contempt and for the allowance of a counsel fee, denied. The judgment (as modified) is not sufficiently definite to furnish a basis to punish defendant for contempt by reason of an alleged violation of its provisions (*Matter of Carlson* v. *Podeyn,* 12 A D 2d 810; *Adams* v. *Adams,* 179 App. Div. 152; *Rowley* v. *Feldman,* 66 App. Div. 463; *Saal* v. *South Brooklyn Ry. Co.,* 122 App. Div. 364; *Matter of Mitchell* v. *Sperling,* 229 App. Div. 204). Before instituting the motion to punish the defendant for contempt by reason of the alleged violation by him of the terms of the judgment relating to "all necessary repairs and replacements," the precise amount due and unpaid for such repairs and replacements should have been fixed by the court upon a preliminary motion (*Sabbeth* v. *Sabbeth,* 2 Misc 2d 64; *Matter of Battista,* 176 Misc. 85). In any event, it was error to take testimony regarding circumstances arising subsequent to the date of the contempt motion (*Siegel* v. *Siegel,* 8 A D 2d 333; *Rayex Corp.* v. *Sanchez,* 6 A D 2d 902, 903, mot. for lv. to app. dsmd. 5 N Y 2d 915). Likewise, the fine was improper because it was not based upon an amount due at the time the motion was made (*Matter of Long Is. Trust Co.* v. *Ross,* 39 Misc 2d 41; *Williamson* v. *Drogaris,* 248 App. Div. 627). [For prior appeals in this action, see 17 A D 2d 973 and 19 A D 2d 714.] Ughetta, Kleinfeld, Rabin and Hopkins, JJ., concur; Beldock, P. J., concurs in the result.

■ ANNA GRIFFIN et al., Appellants, v. JEWISH HOSPITAL of Brooklyn et al., Defendants, and JESSE I. ABRAHAMS, Respondent.— In an action to recover damages for personal injury, loss of services, etc., arising out of the alleged malpractice of a hospital, an operating surgeon and two assistant surgeons, the plaintiffs appeal, as limited by their brief, from so much of an order of the Supreme Court, Kings County, dated October 5, 1962, as denied their motion to direct defendant Abrahams to furnish them with a copy of the confidential report of a physical examination of the plaintiff wife made by a physician designated by said defendant. Order affirmed, without costs. The confidential report in question allegedly discusses the propriety of the treatment rendered by the defendant Abrahams to the plaintiff wife. By the express provisions of the introductory paragraph of the former "Special Rule for the courts in all counties within the Second Judicial Department, requiring physical examinations and exchange of medical information," adopted by this court effective March 1, 1962, actions "for medical or dental malpractice" are excluded from the requirement that parties in personal injury actions shall exchange such information. That exclusion is continued in part four of the present rules of this court, effective September 1, 1963. Ughetta, Acting P. J., Christ, Brennan, Hill and Hopkins, JJ., concur.