■ In the Matter of EDWARD J. KURIANSKY, as Special Prosecutor for Medicaid Fraud Control, Respondent, v MARTIN P. SOLOMON et al., Appellants. [619 NYS2d 266] —Order and judgment (one paper) of the Supreme Court, New York County (Rose Rubin, J.), entered on or about December 22, 1993, which held both respondents in criminal contempt for willful disobedience to the lawful mandate of the court, committed them to jail for 30 days and fined them each $1,000, unanimously reversed, on the law and the facts, the findings and

sentences vacated and the petition dismissed, without costs or disbursements.

There is insufficient proof in the record to support Criminal Term's finding that the respondents willfully disobeyed its order, requiring respondent Solomon, the attorney for respondent Del Gizzo in a criminal prosecution, to deposit Del Gizzo's exonerated bail (with the defendant's consent) in his escrow account. The Finance Department refunded the exonerated bail to Del Gizzo who used it to pay a preexisting debt.

Pursuant to Judiciary Law § 750 (A) (3) and § 751, a court of record has the power to punish those who willfully disobey its lawful mandates. However, it must appear "with reasonable certainty that the order has been disobeyed" *(Matter of Department of Envtl. Protection v Department of Envtl. Conservation,* 70 NY2d 233, 240, citing *Pereira v Pereira,* 35 NY2d 301, 308).

While there was some proof that respondent Solomon failed to carry out the court's mandate, there was insufficient proof of willfulness. The evidence clearly shows that Solomon in fact attempted to comply with the court's mandate by hand-delivering a letter to the clerk's office requesting that Del Gizzo's bail be assigned to him for the purposes of putting the funds into his escrow account. While he was informed by the clerk that he would have to come in and file a further assignment with the Finance Department, it appears that the file at that point was "red flagged" indicating that an assignment of the bail funds would be forthcoming. However, before respondent Solomon could take further steps, he was served with an intervening Temporary Restraining Order from another Justice of the Supreme Court which clearly appeared to preclude him from transferring any of Del Gizzo's funds.

Under these circumstances, it was not "willful" behavior on the part of respondent Solomon in failing to file an assignment with the Finance Department. There is no indication that he willfully disobeyed the prior court request to hold the funds in his escrow account. Indeed, at best, Solomon appears to have been put in an ambiguous situation with two apparently conflicting orders, the original one and then the latter Temporary Restraining Order. Since it was reasonable for respondent Solomon to conclude that there were conflicting orders, there can be no holding of contempt against him *(see, e.g., Vizzi v Town Bd.,* 51 AD2d 564).

As regards respondent Del Gizzo, he only did what the latest order clearly allowed. While Criminal Term's first order

mandated that bail not be returned to Del Gizzo, and instead be placed in Solomon's escrow account, that order was explicitly subject to further order of the Supreme Court. On March 22, 1993, the court ordered bail to be distributed to Del Gizzo. Indeed, the check issued to Del Gizzo clearly indicated that it was issued pursuant to court order and that Del Gizzo had to negotiate it promptly.

While Criminal Term found that Del Gizzo "had to have known" that the March 22, 1993 order was issued in error, the order was completely ordinary and regular on its face. A clerk for nine years concluded that it was regular and that the court had ordered the bail refunded and thereupon duly processed the order. The Finance Department also believed the order to be regular and obeyed it, advising Del Gizzo that his check had been issued by order of the Supreme Court. Therefore, while the order and the check were issued erroneously, Del Gizzo's belief that it was proper to endorse and negotiate it was not unreasonable, under the circumstances. Respondent, Del Gizzo, is not an attorney, and his actions cannot be said to have risen to the level of willful disobedience. Concur—Wallach, J. P., Asch, Rubin and Williams, JJ.