In a matrimonial action in which the parties were divorced by a judgment dated March 22, 2005, as amended by judgment dated May 4, 2007, the defendant appeals, as limited by her brief, from so much of an order of the Supreme Court, Orange County (Owen, J.), dated February 6, 2008, as granted the plaintiffs motion to hold her in contempt for failure to comply with a provision in the amended judgment.
Ordered that the order is reversed insofar as appealed from, on the law, with costs, and the motion to hold the defendant in contempt is denied.
“In order to find that contempt has occurred in a given case, it must be determined that a lawful order of the court, clearly expressing an unequivocal mandate, was in effect. It must appear, with reasonable certainty, that the order has been disobeyed. Moreover, the party to be held in contempt must have had knowledge of the court’s order . . . Finally, prejudice to the right of a party to the litigation must be demonstrated (see Judiciary Law, § 753, subd A)” (Matter of McCormick v Axelrod, 59 NY2d 574, 583 [1983] [citations and internal quotation marks omitted]). The burden of proof is on the proponent of the contempt motion, and the contempt must be established by clear- and convincing evidence (see Rienzi v Rienzi, 23 AD3d 447, 448-449 [2005]).
As the defendant correctly contends, the plaintiff failed to sustain his burden in this case. While a finding of contempt requires the violation of a clear and unequivocal mandate set forth in an order or judgment of the court (see Raphael v Raphael, 20 AD3d 463 [2005]), the provision of the amended *625 divorce judgment upon which the plaintiff relies did not meet that standard. Rather, it provided that the defendant was to deliver certain items of personal property to the plaintiff unless the parties disagreed as to their proper distribution, in which case either party could request a hearing to resolve the dispute. Since the provision contemplated further legal proceedings if the items were not distributed, it did not constitute a clear and unequivocal mandate of the court upon which a finding of contempt could be based (see generally Rienzi v Rienzi, 23 AD3d 447 [2005]; Ottomanelli v Ottomanelli, 17 AD3d 647 [2005]; Glassman v Glassman, 20 AD2d 563 [1963]).
Furthermore, a prior order of the Supreme Court resolved the dispute between the parties by finding that the defendant already had properly distributed the personalty. That order contradicted the subject provision of the amended divorce judgment and rendered the defendant’s obligations confusing and unclear (see generally Matter of Kuriansky v Solomon, 210 AD2d 43 [1994]; Vizzi v Town Bd. of Town of Islip, 51 AD2d 564 [1976]; see also Matter of Betancourt v Boughton, 204 AD2d 804, 810 [1994]). Accordingly, the Supreme Court erred in granting the plaintiff’s motion to hold the defendant in contempt. Prudenti, P.J., Mastro, Fisher and Dillon, JJ., concur.