■ CITY OF POUGHKEEPSIE, Appellant, v RICHARD B. HETEY, Respondent, et al., Defendant.—In an action, *inter alia,* for an injunction to prohibit the defendants from using their property as a used-car lot, the plaintiff appeals from an order of the Supreme Court, Dutchess County (Marbach, J.), dated October 23, 1984, which denied its motion to punish the defendant Richard B. Hetey for contempt.

Order affirmed, without costs or disbursements.

On September 10, 1984, an order was signed by Justice Gurahian which, on consent, ordered, *inter alia,* that the defendant Richard Hetey refrain from parking either any commercial vehicle (as defined in the City of Poughkeepsie Zoning Ordinance § 19-2.2) or any vehicle bearing less than two license plates at a certain premises designated as 134 Wilbur Boulevard in Poughkeepsie. This order also directed Mr. Hetey to post a $2,500 bond by September 13, 1984 in order to secure any violation of the stipulation.

By order to show cause signed September 19, 1984, the city made an application to have Mr. Hetey held in contempt for his alleged violation of the foregoing directives. In support of this application, an Assistant Corporation Counsel affirmed that on various occasions he had seen a "green pickup truck" and a "red foreign model car" at the subject premises, and that neither of these vehicles had a license plate "on the front and *[sic]* thereof". Further, it was alleged that Mr. Hetey had failed to post a $2,500 bond as of September 18, 1984.

Mr. Hetey stated, in opposition, that each of the aforesaid vehicles at all times bore two license plates, but that the front

license plates may have been on the dashboards of the vehicles, rather than on their bumpers, and that the city had failed to produce evidence that such vehicles are "commercial". Mr. Hetey also stated that on September 21, 1984, the sum of $2,500 was deposited with the city as security. These assertions are not controverted by anything in this record. Special Term denied the motion to hold Mr. Hetey in contempt. We affirm.

Based on Mr. Hetey's uncontradicted assertion that the subject vehicles bore two license plates at all times, there is no issue of fact to be resolved concerning his purported violation of that aspect of Justice Gurahian's order. While it does appear that Mr. Hetey was in violation of the order insofar as it required the filing of the bond by September 13, there is no allegation that such omission was willful, or that such omission "impaired, impeded, or prejudiced" a right or remedy of the city (see, Judiciary Law § 753 [A]). To succeed on a motion to punish for criminal contempt, the movant must show that the alleged contemnor willfully disobeyed a lawful mandate of the court (Judiciary Law § 750 [A] [3]; *Matter of McCormick v Axelrod,* 59 NY2d 574, 583; *Matter of Murray,* 98 AD2d 93, 98; *Powell v Clauss,* 93 AD2d 883). Since no allegation of willfulness was made in this case, there could be no finding of criminal contempt. While a showing of willfulness is not necessary in a proceeding to punish for civil contempt (see, e.g., *Commissioner of Labor v Hinman,* 103 AD2d 886, 887), the movant must establish prejudice *(Matter of McCormick v Axelrod, supra).* It must be alleged and proven that the contemnor's actions were calculated to or actually did defeat, impair, impede or prejudice the rights or remedies of a party (Judiciary Law § 753 [A] [3]; *Oppenheimer v Oscar Shoes,* 111 AD2d 28, 29; *Powell v Clauss, supra).* Here, the posting of a $2,500 bond was clearly meant to secure payment of any fines for future violations of the remaining provisions of Justice Gurahian's order. Hence, in the absence of any such violation, no prejudice inured to the city as a result of the short delay in posting the $2,500 bond as security. Accordingly, we find that Special Term properly exercised its discretion (see, *Matter of Storm,* 28 AD2d 290, 292-293; *Garrison Fuel Oil v Grippo,* 127 Misc 2d 275) in denying the motion to hold Mr. Hetey in contempt. Mangano, J. P., Gibbons, Brown and Kooper, JJ., concur.