■ CHRISTINE KAWAR, Appellant, v ABRAHAM KAWAR, Respondent. [647 NYS2d 846] —In a matrimonial action in which the parties were divorced by judgment dated January 3, 1994, the plaintiff wife appeals from an order of the Supreme Court, Kings County (Imperato, J.H.O.), dated March 20, 1995, which denied her motion to hold the defendant husband in contempt for failure to pay maintenance and child support, after an inquest conducted upon the defendant's default in opposing the motion.

Ordered that the order is reversed, on the law, with costs, the motion is granted, and the matter is remitted to the Supreme Court, Kings County, for imposition of an appropriate penalty.

By order dated April 10, 1992, the husband was directed to pay pendente lite child support of $130 per week and pendente lite maintenance of $75 per week. In or about July 1993, the wife moved to hold the husband in contempt of that order. The motion was brought by order to show cause, warning the husband of the penalties which could be imposed for contempt. The husband was personally served with those motion papers, which included a copy of the pendente lite order.

After a nonjury trial, a judgment of divorce entered January 7, 1994, continued the award of $130 per week child support and $75 per week maintenance. In the decision upon which the divorce judgment was based, the court noted that the husband did not dispute that he failed to comply with the pendente lite order, and held that if arrears were not satisfied by January 15, 1994, "then plaintiff's application to hold defendant in

contempt may be restored to the calendar on ten days notice by regular and certified mail to defendant and his current counsel".

The husband failed to satisfy the arrears, and the wife served a notice of inquest upon the husband and his counsel by regular and certified mail. Upon the defendant's default at the inquest, the wife testified that she had received "[n]othing" from the husband in child support or maintenance. She further testified that her husband was an automobile mechanic, who always worked for cash. The Judicial Hearing Officer denied the motion, on the grounds that the wife failed to prove: (1) that the husband was personally served with either the pendente lite order or judgment of divorce, or (2) that the husband's failure to pay maintenance and child support was "deliberate and contemptuous". We reverse.

"To sustain a finding of civil contempt based upon a violation of a court order, it is necessary to establish that a lawful court order clearly expressing an unequivocal mandate was in effect and the person alleged to have violated the order had actual knowledge of its terms" (*Graham v Graham,* 152 AD2d 653, 654; *see, Matter of Frandsen v Frandsen,* 190 AD2d 975). The husband was personally served with the order to show cause to hold him in contempt, and with the pendente lite order. Further, the notice of hearing was served upon him in the manner prescribed by the court. Therefore, it appears with reasonable certainty that the husband knowingly violated the pendente lite order *(see, Graham v Graham, supra).*

Moreover, although there is no presumption of ability to pay in a contempt proceeding *(see, Matter of Powers v Powers,* 86 NY2d 63), the husband had the burden of going forward with evidence of his inability to make the required payments *(see, Matter of Powers v Powers, supra,* at 69). In view of his default, the issue of ability to pay was not before the court.

Accordingly, the husband should have been held in contempt upon his default *(see generally, Brancoveanu v Brancoveanu,* 156 AD2d 409). Bracken, J. P., Krausman, Goldstein and Luciano, JJ., concur.