■ ARLENE FARKAS, Respondent, v BRUCE FARKAS, Appellant, et al., Defendant. [724 NYS2d 846] —Order, Supreme Court, New York County (Phyllis Gangel-Jacob, J.), entered on or about October 17, 2000, which, to the extent appealed from as limited by the brief, found defendant in contempt of court, ordered that he be incarcerated until he purges himself of the contempt by paying $702,543.84 or by paying half that amount and providing adequate security for the balance, ordered that a warrant for his arrest be issued if he did not surrender himself at a certain time and place, denied defendant's motion for downward modification of defendant's financial obligations as set forth in the parties' amended judgment of divorce with a sanction of $250 for frivolous motion practice pursuant to 22 NYCRR 130-1.1, and granted plaintiff's application for a money judgment of $984,401.17 in respect of a certain foreclosure action, unanimously modified, on the law, the directive that the $250 fine be payable to plaintiff deleted and a directive that the $250 fine be payable to the Lawyers' Fund for Client Protection substituted therefor, and otherwise affirmed, with costs to plaintiff payable by defendant-appellant. Appeal from Second Amended Warrant of Arrest and Commitment, same court and Justice, entered December 8, 2000, unanimously dismissed, without costs, as taken from an order entered upon default.

Defendant concedes that he is responsible for plaintiff's debt on the home equity loan, and, contrary to defendant's contention, there is no evidence that the amount of the debt has been disputed by plaintiff. Downward modification of defendant's financial obligations as set forth in the parties' amended divorce judgment was properly denied, not only because defendant failed to submit the statement of net worth required by 22 NYCRR 202.16 (*see, Donohue v Donohue*, 258 AD2d 498, 499), but also since defendant in no way made a clear and convincing demonstration of a substantial change in circumstances warranting modification (*see, e.g., Gellman v Gellman*, 280 AD2d 995). Defendant concedes that Domestic Relations Law § 245 provides a civil contempt remedy, and he made no attempt to persuade the motion court that he lacked the ability to perform the obligation in default of which he was found in contempt (*see, Kawar v Kawar*, 231 AD2d 681, 682). We note further that the contempt remedy was not applied directly for defendant's failure to meet obligations imposed pursuant to an interim support order, which would have been impermissible, but permissibly for his failure to comply with ensuing judgments (*see, Greenberg v Greenberg*, 218 AD2d 558, 560; *see also, Kawar v Kawar, supra*).

We modify only because the sanction pursuant to 22 NYCRR 130-1.1 must be paid to the Lawyers' Fund for Client Protection (*see, Patterson v Balaquiot*, 188 AD2d 275).

We have considered defendant's remaining arguments and find them unavailing. Concur—Nardelli, J. P., Tom, Andrias, Rubin and Marlow, JJ.