■ MULAZIM MUWWAKKIL, Respondent, v METROPOLITAN SUBURBAN BUS AUTHORITY et al., Defendants. JOHN MARSHALL, Nonparty Appellant. [734 NYS2d 586] —In an action to recover damages for personal injuries, John Marshall, the plaintiff's former attorney, appeals from an order of the Supreme Court, Nassau County (Cozzens, J.), dated December 6, 2000, which denied his motion to hold the plaintiff in contempt of court for his refusal to endorse a settlement check.

Ordered that the order is affirmed, without costs or disbursements.

The plaintiff commenced this action against the defendants to recover damages for personal injuries. The appellant was the plaintiff's attorney of record during the litigation. At the time of trial, the plaintiff agreed to settle the action for $15,000, and a stipulation of settlement reflecting that agreement was made in open court during which the plaintiff was placed under oath. The plaintiff subsequently refused to endorse the settlement check citing, *inter alia*, the amount of disbursements. The appellant thereafter moved to hold the plaintiff in contempt for failing to comply with the stipulation of settlement by refusing to endorse the settlement check. The Supreme Court denied the motion, concluding that confusion had arisen as to whether there was a New York City Department of Social Services lien on the proceeds of the settlement.

"To prevail on a motion to punish a party for civil contempt, the movant must demonstrate that the party so charged violated a clear and unequivocal court order" (*Obadiah v Shaw,* 266 AD2d 520, 521; *see,* Judiciary Law § 753 [A] [3]; *McCain v Dinkins,* 84 NY2d 216, 226). Here, there was no clear and unequivocal order directing the plaintiff's actions following the stipulation of settlement. Therefore, the Supreme Court properly denied the appellant's motion. O'Brien, J. P., Luciano, Smith and Crane, JJ., concur.