■ GEORGE HOM, Appellant, v ROSEMARY WEINTRAUB, Respondent. [774 NYS2d 796]—

In an action to recover damages for libel, the plaintiff appeals (1) from an order of the Supreme Court, Nassau County (Segal, J.), dated March 3, 2003, which denied his motion to hold the defendant in contempt, and (2), as limited by his brief, from so much of an order of the same court, dated April 3, 2003, as upon, in effect, granting his motion for leave to renew, adhered to the original determination.

Ordered that the appeal from the order dated March 3, 2003, is dismissed, as that order was superseded by the order dated April 3, 2003, made upon renewal; and it is further,

Ordered that the order dated April 3, 2003, is affirmed insofar as appealed from; and it is further,

Ordered that one bill of costs is awarded to the defendant; and it is further,

Ordered that on the court's own motion, the parties are directed to show cause why an order should or should not be made and entered imposing such sanctions and/or costs, if any, against the plaintiff pursuant to 22 NYCRR 130-1.1 (c) as this Court may deem appropriate by each filing an affidavit on that issue in the office of the Clerk of this Court and serving one copy of the same on each other on or before June 29, 2004; and it is further,

Ordered that the Clerk of this Court, or his designee, is directed to serve the parties with a copy of this decision and order by regular mail.

The Supreme Court properly denied the plaintiff's motion to hold the defendant in contempt, as the defendant did not engage in any conduct which impeded or prejudiced the plaintiff's rights (*see* Judiciary Law § 753 [A]; *Cherico, Stix & Assoc. v Abramson,* 235 AD2d 515 [1997]; *Troiano v Ilaria,* 205 AD2d 752 [1994]; *City of Poughkeepsie v Hetey,* 121 AD2d 496 [1986]). The plaintiff contends that the defendant, an attorney, made slanderous statements against him in connection with her representation of the plaintiff's former wife in a divorce action. However, none of the plaintiff's claims have merit. In fact, the plaintiff has engaged in a vigorous campaign over a 10-year period to harass his former wife and all persons involved in the divorce action.

Pursuant to Uniform Rules for Trial Courts (22 NYCRR) § 130-1.1 [a]), the court may impose financial sanctions upon a party or an attorney who engages in "frivolous conduct." The plaintiff has engaged in what appears to be frivolous conduct, resulting in the expenditure of considerable time and wasted judicial resources. Accordingly, we direct the parties to submit affidavits on the issue of the appropriate amount of sanctions and/or costs, if any, to be imposed against the plaintiff. Krausman, J.P., Luciano, Adams and Cozier, JJ., concur. [As amended by unpublished order entered May 20, 2004.]