■ GENNARO G. OTTOMANELLI, Respondent, v DEBRA L. OTTOMANELLI, Appellant. [794 NYS2d 90]—

In an action for a divorce and ancillary relief, the defendant wife appeals, as limited by her brief, from so much of an order of the Supreme Court, Nassau County (Iannacci, J.), entered May 12, 2004, as denied her motion to hold the plaintiff husband in contempt of court and for an award of an attorney's fee and granted the plaintiff husband's cross motion to discontinue the action. Motion by the husband to dismiss stated portions of the

appeal as academic, and for an award of an attorney's fee. By decision and order of this Court dated September 13, 2004, the motion was referred to the bench hearing the appeal for determination upon the argument or submission of the appeal.

Upon the papers filed in support of the motion and the papers filed in opposition thereto, and upon the submission of the appeal, it is

Ordered that the branch of the motion which is to dismiss stated portions of the appeal is granted, the appeal from so much of the order as granted the husband's motion to discontinue the action is dismissed, and the motion is otherwise denied; and it is further,

Ordered that the order is affirmed insofar as reviewed, without costs or disbursements.

The Supreme Court properly denied the wife's motion to hold the husband in contempt of court and for an award of an attorney's fee. "To sustain a finding of civil contempt based upon a violation of a court order, it is necessary to establish that a lawful court order clearly expressing an unequivocal mandate was in effect and the person alleged to have violated the order had actual knowledge of its terms" (*Kawar v Kawar,* 231 AD2d 681, 682 [1996], quoting *Graham v Graham,* 152 AD2d 653, 654 [1989]). It cannot be said that the preliminary conference order stating that the husband was to continue the present payments expressed an unequivocal mandate which could give rise to a contempt proceeding (*see Glassman v Glassman,* 20 AD2d 563 [1963]).

As the parties have been divorced by default judgment in New Jersey, any determination by this Court on the issue of the discontinuance of the divorce proceeding in New York will not affect the rights of the parties with respect to this proceeding. We find that the matter does not otherwise warrant invoking an exception to the mootness doctrine (*see Matter of Hearst Corp. v Clyne,* 50 NY2d 707, 714 [1980]). Accordingly, we dismiss the appeal from that portion of the order as academic. Florio, J.P., Krausman, Luciano and Fisher, JJ., concur.