■ MARIANN BERLINER, Appellant-Respondent, v IRA BERLINER, Respondent-Appellant. (Action No. 1.) IRA BERLINER, Respondent-Appellant, v MARIANN BERLINER, Appellant-Respondent. (Action No. 2.) [823 NYS2d 192]—

In two related actions for a divorce and ancillary relief, (1) the former wife appeals, as limited by her notice of appeal and brief, from stated portions of an order of the Supreme Court, Westchester County (Spolzino, J.), entered April 19, 2004, which, after a hearing, inter alia, denied those branches of her motion which were to dismiss the husband's complaint, to dismiss his claim for equitable distribution of property, and for costs and an award of an attorney's fee and the former husband cross-appeals, as limited by his brief, from stated portions of the same order which, inter alia, granted that branch of the former wife's motion which was to preclude him from introducing certain evidence at trial, adjudicated him in contempt of court and ordered his incarceration for a period of 10 days; and (2) the former husband appeals from an order of the same court dated February 11, 2004, which directed the copying of the hard drive of his computer for the court's examination.

Ordered that the appeal from the order dated February 11, 2004 is dismissed, without costs or disbursements; and it is further,

Ordered that so much of the order entered April 19, 2004, as adjudicated the former husband in contempt of court and

directed his incarceration for a period of 10 days is affirmed, and the appeal and cross appeal from the remaining provisions of that order are dismissed, without costs or disbursements.

With respect to the contempt adjudication, the record demonstrates that the former husband disregarded a lawful order of the court clearly expressing an unequivocal mandate not to communicate with his office prior to court-ordered discovery relating to his alleged unauthorized copying of the former wife's computer files onto his office computer. The determination was not based solely upon his invocation of his privilege against self-incrimination at the hearing (*see Matter of County of Orange v Rodriguez*, 283 AD2d 494 [2001]) but was based, inter alia, upon his failure to call a material witness within his control (*see Noce v Kaufman*, 2 NY2d 347, 353 [1957]; *see also People v Tankleff*, 84 NY2d 992, 994 [1994]) and expert testimony after a full hearing.

The former husband's conduct impaired the former wife's rights or remedies (*see* Judiciary Law § 753; *Kawar v Kawar*, 231 AD2d 681, 682 [1996]). In view of the foregoing, the Supreme Court properly adjudicated the former husband in civil contempt and directed his incarceration for a period of 10 days.

The appeal from the order dated February 11, 2004, and the appeal and cross appeal from the remaining provisions of the order entered April 19, 2004, are dismissed because the right of direct appeal therefrom terminated with the entry of judgment in the action (*see Matter of Aho*, 39 NY2d 241, 248 [1976]). The issues raised on the appeals and cross appeal from those provisions are brought up for review and have been considered on the appeal from the judgment (*see* CPLR 5501 [a] [1]; *Berliner v Berliner*, 33 AD3d 745 [2006] [decided herewith]). Goldstein, J.P., Mastro, Rivera and Lunn, JJ., concur.