■ MARIANN BERLINER, Respondent-Appellant, v IRA BERLINER, Appellant-Respondent. (Action No. 1.) IRA BERLINER, Appellant-Respondent, v MARIANN BERLINER, Respondent-Appellant. (Action No. 2.) [823 NYS2d 189]—

In two related actions for a divorce and ancillary relief, the former husband appeals (1) from a money judgment of the Supreme Court, Westchester County (Nicolai, J.), dated July 20,

2004, in favor of the former wife in the sum of $37,568.26 for arrears in educational and medical expenses for the children due pursuant to a pendente lite order dated April 23, 2003, (2) from an order of the same court (Dillon, J.), dated November 30, 2004, which granted that branch of the former wife's motion which was to hold him in violation, inter alia, of a restraining order and directed his incarceration for a period of 15 days, (3) an order of the same court (Dillon, J.), also dated November 30, 2004, remanding him to the custody of the Westchester County Jail for a period of 15 days, (4) as limited by his notice of appeal and brief, from so much of a judgment of the same court (Dillon, J.), dated December 10, 2004, as distributed the parties' property, and (5) a money judgment of the same court (Nicolai, J.), dated January 12, 2005, in favor of the former wife in the sum of $31,937 for counsel fees; and the former wife (1) cross-appeals, as limited by her brief, from stated portions of the judgment dated December 10, 2004, which, inter alia, distributed the parties' property, awarded her basic child support in the sum of $663.37 per month, directed her to pay 85.64% of unreimbursed health care, educational, and child care expenses of the children and limited the former husband's contribution to such expenses to 14.36%, and incorporated a provision of an order dated October 28, 2004, which imposed a "SUNY 'cap' " on the former husband's contributions to college expenses, and (2) appeals, as limited by her brief, from so much of an order of the same court (Dillon, J.), dated December 20, 2004, as, upon reargument of the provisions of the judgment dated December 10, 2004, which awarded her basic child support in the sum of $663.37 per month, directed her to pay 85.64% of unreimbursed health care, educational, and child care expenses, and limited the former husband's contribution to such expenses to 14.36%, adhered to the original determination and, in effect, denied renewal with respect to those provisions.

Ordered that the money judgments dated July 20, 2004 and January 12, 2005 are affirmed, without costs or disbursements; and it is further,

Ordered that the orders dated November 30, 2004 are affirmed, without costs or disbursements; and it is further,

Ordered that the judgment dated December 10, 2004 is modified, on the law, by deleting the provision thereof incorporating the provision of the order dated October 28, 2004, which imposed a "SUNY 'cap' " on the former husband's contributions to college expenses; as so modified, the judgment is affirmed insofar as appealed and cross-appealed from, without costs or disbursements, and the provision of the order dated

October 28, 2004, imposing a "SUNY 'cap' " on the former husband's obligation to pay college expenses is vacated; and it is further,

Ordered that the order dated December 20, 2004 is affirmed insofar as appealed from, without costs or disbursements.

With respect to the equitable distribution of property, the former husband was properly precluded from introducing any evidence in support of his claims in light of his refusal to comply with proper discovery demands. The sole evidence submitted by the former wife in support of her claim for equitable distribution of property was an appraisal report by the court-appointed appraiser which noted that the former husband started working at his law practice in 1980, seven years prior to the marriage in 1987 and determined that the value of the practice was $76,141 as of December 31, 2001, without determining its value as of the date of the marriage. The Supreme Court found that since the plaintiff's law practice was commenced prior to the marriage, it constituted separate property and no evidence was submitted as to its appreciation, if any, during the marriage, and whether the former wife's direct or indirect efforts contributed to any appreciation (see Domestic Relations Law § 236 [B] [1] [d] [3]; Price v Price, 69 NY2d 8 [1986]; London v London, 21 AD3d 602 [2005]; Mutt v Mutt, 242 AD2d 612 [1997]). The Supreme Court further noted that no evidence was submitted as to retirement investments or pensions. Under the circumstances of this case, where both parties were sophisticated in business affairs and held substantial assets, yet failed to submit proof in support of their claims, the Supreme Court properly determined that it was equitable to award each party his or her own assets without fashioning a distributive award.

With respect to child support and allocation of unreimbursed health care expenses and educational and child care expenses, the Supreme Court concluded that the former husband's annual income was $73,791 based on the "Recomputed Normalized Income" set forth in the appraisal of the former husband's law practice, and the former wife's annual income was $440,000. The former wife did not call the appraiser as a witness at the trial. After the Supreme Court reached its determination as to child support in the order dated October 28, 2004, the former wife sought reargument based upon an affidavit of the appraiser stating that the former husband's average annual "Recomputed Normalized Income" of $73,791 set forth in the appraisal of the value of his law practice included only excess earnings and not the former husband's reasonable compensation for his services to the practice. The appraiser estimated that former husband's total average annual income amounted to $158,424.

The Supreme Court granted that branch of the former wife's motion which was for reargument but adhered to the original determination on the ground, inter alia, that the court did not misapprehend the trial evidence. The information provided in the appraiser's affidavit was not presented at the trial and no reasonable justification was offered for failing to do so. That determination was a provident exercise of discretion (*see Anonymous C. v Anonymous V*, 180 AD2d 457 [1992]).

The Supreme Court improperly imposed a so-called "SUNY 'cap'" on the former husband's contribution to the children's college expenses, limiting his contribution to what it would be if the children attend public New York State colleges. There is no basis in this record for so doing, especially in view of the fact that the children attend private boarding secondary school (*see Balk v Rosoff*, 280 AD2d 568, 569 [2001]).

With respect to the contempt adjudication, the record demonstrates that the former husband violated a lawful mandate of the court which impaired the rights of the former wife (*see* Judiciary Law § 753; *Kawar v Kawar*, 231 AD2d 681, 682 [1996]).

The parties' remaining contentions are without merit. Goldstein, J.P., Mastro, Rivera and Lunn, JJ., concur.