■ CAROL DENARO et al., Respondents, v STEPHANIE ROSALIA et al., Appellants, et al., Defendants. [855 NYS2d 601]—

In an action, inter alia, to recover damages for nuisance, the defendants Stephanie Rosalia and Salvatore Lipari appeal from a judgment of the Supreme Court, Queens County (Elliot, J.), entered July 12, 2007, which, upon an order of the same court dated March 1, 2007, granting the plaintiffs' motion to hold them in contempt of an order of the same court (Polizzi, J.), dated March 21, 2006, imposed a fine in the principal sum of $250 for contempt, and awarded the plaintiffs an attorney's fee in the principal sum of $18,960 and costs and disbursements in the principal sum of $485.

Ordered that the judgment is reversed, on the law, with costs, the plaintiffs' motion to hold the appellants in contempt is denied, and the order dated March 1, 2007 is modified accordingly.

To succeed on a motion to hold a party in civil contempt, the moving party must show that the alleged contemnor has, with knowledge of its existence, violated a lawful judicial order expressing an unequivocal mandate, and also that the violation prejudiced a right of a party to the litigation (see McCain v Dinkins, 84 NY2d 216, 225-226 [1994]; Matter of McCormick v Axelrod, 59 NY2d 574, 583 [1983]; Judiciary Law § 753 [A]). The moving party must establish the contempt by clear and convincing evidence (see Biggio v Biggio, 41 AD3d 753, 754 [2007]; Raphael v Raphael, 20 AD3d 463, 463-464 [2005]).

The appellants, who are the plaintiffs' next-door neighbors, allegedly were in contempt of an order preliminarily enjoining them from using "high-powered light fixtures." However, the plaintiffs failed to establish, by clear and convincing evidence, that the appellants used "high-powered light fixtures" after this order was issued. Under these circumstances, the Supreme Court should have denied the plaintiffs' motion to hold the appellants in contempt for violating the order (see Matter of Romanello v Davis, 49 AD3d 652 [2008]).

In light of our determination, the appellants' remaining contentions have been rendered academic. Spolzino, J.P., Miller, Covello and Balkin, JJ., concur.