■ HEATHER MILLER, Respondent, v DANIEL MILLER, Appellant. [877 NYS2d 148]—

In an action for a divorce and ancillary relief, the defendant appeals, as limited by his brief, from so much of an order of the Supreme Court, Suffolk County (MacKenzie, J.), dated February 11, 2008, as granted those branches of the plaintiff's motion which were to hold him in contempt of court for failure to comply with discovery and for an award of counsel fees in the sum of $8,800.

Ordered that the order is reversed insofar as appealed from, on the law, with costs, and those branches of the plaintiff's motion which were to hold the defendant in contempt of court for failure to comply with discovery and for an award of counsel fees in the sum of $8,800 are denied.

In this matrimonial action, the plaintiff moved, inter alia, to hold the defendant in contempt of court for failure to comply with discovery and for an award of counsel fees to cover the costs of the motion. In the order appealed from, the Supreme Court granted those branches of the plaintiff's motion. We reverse the order insofar as appealed from.

In order to find a party in civil contempt of court pursuant to Judiciary Law § 753, the applicant must demonstrate by clear and convincing evidence that the alleged contemnor has intentionally engaged in conduct which violated a lawful order of the court clearly expressing an unequivocal and explicit mandate (*see McCain v Dinkins*, 84 NY2d 216, 226 [1994]; *Pereira v Pereira*, 35 NY2d 301, 308 [1974]; *Ottomanelli v Ottomanelli*, 17 AD3d 647 [2005]; *Matter of Hoglund v Hoglund*, 234 AD2d 794 [1996]), thereby prejudicing the right of a party to the litigation (*see* Judiciary Law § 753 [A]; *Matter of Department of Envtl. Protection of City of N.Y. v Department of Envtl. Conservation of State of N.Y.*, 70 NY2d 233, 240 [1987]).

Applying these principles, we find that the Supreme Court improperly found the defendant in contempt of court. Given the defendant's overall compliance with the preliminary conference order, production of certain documents in court, and the rescheduling of depositions with the approval of the court, the finding of contempt against him was unwarranted (*see* Judiciary Law § 753; *Berliner v Berliner*, 33 AD3d 744 [2006]; *Ottomanelli v Ottomanelli*, 17 AD3d 647 [2005]; *Kawar v Kawar*, 231 AD2d 681, 682 [1996]), and the plaintiff was not entitled to an award of counsel fees in the sum of $8,800. Skelos, J.P., Fisher, Santucci and Balkin, JJ., concur.