■ Morgan Delijani, Respondent, v Parham Delijani, Appellant. [901 NYS2d 366]—

In a matrimonial action in which the parties were divorced by judgment entered December 4, 2003, the defendant appeals, as limited by his brief, (1) from so much of an order of the Supreme Court, Nassau County (Maron, J.), dated September 2, 2009, as, without a hearing, granted that branch of the plaintiff's motion which was to hold him in contempt of court for failing to pay certain outstanding electric bills for the former marital residence and directed his incarceration, and (2) from so much of an order of the same court dated September 30, 2009, as directed him to appear for sentencing upon his failure to purge himself of the contempt. By decision and order on motion of this Court dated December 24, 2009, enforcement of both orders was stayed pending the hearing and determination of these appeals.

Ordered that the order dated September 2, 2009, is reversed insofar as appealed from, on the law, with costs, that branch of the plaintiff's motion which was to hold the defendant in contempt of court is denied, and so much of the order dated September 30, 2009, as directed the defendant to appear for sentencing upon his failure to purge himself of the contempt is vacated; and it is further,

Ordered that the appeal from the order dated September 30, 2009, is dismissed, as academic, in light of our determination on the appeal from the order dated September 2, 2009.

The parties were divorced by judgment entered December 4, 2003, after which extensive postjudgment motion practice ensued. Pursuant to a so-ordered stipulation between the parties dated December 5, 2008, the defendant agreed to "advance the funds required to bring . . . current" the outstanding electric bills for the former marital residence. That stipulation further provided that the plaintiff would give the defendant copies of the outstanding electric bills. The parties thereafter appeared in court on June 18, 2009, at which time, during colloquy between counsel, the plaintiff's attorney stated that the electric power had yet to be turned on in the house, and the defendant's counsel promised that the service would be "immediately" restored. No stipulation to this effect was placed on the record and no order of any kind was entered by the Supreme Court on that date.

On June 29, 2009, the plaintiff moved by order to show cause, inter alia, to hold the defendant in contempt of court based

upon his alleged "willful failure . . . to comply with his . . . obligations as set forth in the 'So-Ordered' stipulation, dated December 5, 2008, as well as the Order of this Court placed on the record on June 18, 2009." Without a hearing, the Supreme Court, among other things, granted that branch of the plaintiff's motion which was to hold the defendant in contempt of court and directed his incarceration. We reverse.

"To sustain a finding of civil contempt based upon a violation of a court order, it is necessary to establish that *a lawful court order clearly expressing an unequivocal mandate was in effect* and the person alleged to have violated the order had actual knowledge of its terms" (*Ottomanelli v Ottomanelli*, 17 AD3d 647, 648 [2005] [emphasis added], quoting *Kawar v Kawar*, 231 AD2d 681, 682 [1996] [internal quotation marks omitted]; *see* Judiciary Law § 753; *McCain v Dinkins*, 84 NY2d 216, 227 [1994]; *Miller v Miller*, 61 AD3d 651, 652 [2009]; *Massimi v Massimi*, 56 AD3d 624 [2008]). Moreover, "due process requires that, in contempt proceedings, the contemnor be afforded 'an opportunity to be heard at a meaningful time and in a meaningful manner' " (*Matter of Mosso v Mosso*, 6 AD3d 827, 829 [2004], quoting 16D CJS, Constitutional Law § 1425; *see Chamberlain v Chamberlain*, 24 AD3d 589, 595 [2005]; *Matter of Janczuk v Janczuk*, 305 AD2d 680, 681 [2003]).

In its September 2, 2009, order, the Supreme Court granted that branch of the plaintiff's motion which was to hold the defendant in contempt of court "insofar as defendant is found in contempt for his violation of the June 18, 2009 Order of this Court." However, as noted, there is no indication that any court order was entered or even issued on June 18, 2009. Nor can the promise made by defense counsel during colloquy in open court on that date, regarding restoration of the electric power, qualify as the " 'lawful order of the court, clearly expressing an unequivocal mandate,' " which is necessary before a finding of contempt can be made (*Massimi v Massimi*, 56 AD3d at 624, quoting *Matter of McCormick v Axelrod*, 59 NY2d 574, 583 [1983]; *see Ottomanelli v Ottomanelli* 17 AD3d 647 [2005]; *Kawar v Kawar*, 231 AD2d at 682).

We further note that in the order dated September 2, 2009, the Supreme Court specifically concluded that the plaintiff had failed to demonstrate her compliance with the December 5, 2008, order and, thus, that the *"defendant cannot be held in contempt for his non-compliance"* with said order (emphasis added). Accordingly, inasmuch as the defendant was not found to have willfully violated any "order" of the court, the finding of contempt against him was erroneous (*see Massimi v Mas-*

*simi*, 56 AD3d at 625; *Rienzi v Rienzi*, 23 AD3d 447 [2005]; *Ottomanelli v Ottomanelli*, 17 AD3d 647 [2005]). Prudenti, P.J., Santucci, Angiolillo and Chambers, JJ., concur.