■ JOSEPH COLLINS, Appellant, v TELCOA INTERNATIONAL CORP. et al., Respondents, et al., Defendants. MARTIN P. UNGER et al., Nonparty Respondents. [927 NYS2d 151]—

Where, as here, a party seeks an adjudication of civil contempt based upon a violation of a court order, he or she must establish a willful and deliberate violation of a lawful court order expressing a clear and unequivocal mandate (*see* Judiciary Law § 753; *McCain v Dinkins*, 84 NY2d 216, 226 [1994]; *Matter of Mc-*

*Cormick v Axelrod*, 59 NY2d 574, 583 [1983]; *Delijani v Delijani*, 73 AD3d 972, 973 [2010]; *Rupp-Elmasri v Elmasri*, 305 AD2d 394, 395 [2003]). The burden of proof is on the party seeking the contempt adjudication, and the facts constituting the basis of the contempt must be proved by clear and convincing evidence (*see Miller v Miller*, 61 AD3d 651, 652 [2009]; *Denaro v Rosalia*, 50 AD3d 727 [2008]; *Rienzi v Rienzi*, 23 AD3d 447, 448 [2005]; *Vujovic v Vujovic*, 16 AD3d 490, 491 [2005]). The question of whether to then grant a civil contempt motion and, if so, the fixing of the appropriate remedy, is addressed to the sound discretion of the motion court upon consideration of the surrounding circumstances (*see Matter of Philie v Singer*, 79 AD3d 1041, 1042 [2010]; *Bais Yoel Ohel Feige v Congregation Yetev Lev D'Satmar of Kiryas Joel, Inc.*, 78 AD3d 626 [2010]; *Educational Reading Aids Corp. v Young*, 175 AD2d 152 [1991]; *Matter of Storm*, 28 AD2d 290 [1967]).

Contrary to the plaintiff's contention, he failed to sustain his burden. Given the differences between the terms of the court orders at issue and of the stipulation entered into by the parties, the Supreme Court properly determined that the respondents did not willfully violate a clear and unequivocal mandate of the court (*see generally Quick v ABS Realty Corp.*, 13 AD3d 1021, 1022 [2004]; *Muwwakkil v Metropolitan Suburban Bus Auth.*, 289 AD2d 309 [2001]).

In view of the foregoing, we need not reach the parties' remaining contentions. Mastro, J.P., Florio, Belen and Chambers, JJ., concur.