■ PAMELA B. TISHMAN, Respondent, v MARC BOGATIN, Appellant. [942 NYS2d 516]—

Order, Supreme Court, New York County (Matthew F. Cooper,

J.), entered October 14, 2011, which, insofar as appealed from as limited by the briefs, upon plaintiff's motion, directed defendant to pay 40% of the cost of the parties' older child's college education, unanimously affirmed, without costs.

The motion court properly rejected defendant's contention that a so-called SUNY cap should be imposed on his obligation to contribute to the costs of the child's college education—that is, that his contribution should be based on the cost of an education at a college in the State University of New York system, because plaintiff failed to show that the child's needs cannot be met adequately at a SUNY college. Whether to impose a SUNY cap is determined on a case-by-case basis, considering the parties' means and the child's educational needs (*see e.g. Powers v Wilson*, 56 AD3d 642 [2008]; *Matter of Holliday v Holliday*, 35 AD3d 468 [2006]; *see also Berliner v Berliner*, 33 AD3d 745, 748 [2006], *lv denied* 10 NY3d 702 [2008]). A rule that, absent unusual circumstances, a parent's obligation is limited to the maximum SUNY tuition would be inconsistent with Domestic Relations Law § 240 (1-b) (c) (7), which provides that a court may award educational expenses where it determines, "having regard for the circumstances of the case and of the respective parties and in the best interests of the child, and as justice requires," that the education sought to be paid for is appropriate (*see Chan v Chan*, 267 AD2d 413, 414 [1999]).

The record supports the court's direction that defendant pay 40% of the costs of the parties' older child's education at a private college. The child attended an elite public high school, his reasons for preferring the private college over SUNY schools were sound, both parties attended private college and private law school, and both parties have the resources to pay the tuition at the private college where the child is enrolled (Domestic Relations Law § 240 [1-b] [c] [7]; *see Otero v Otero*, 222 AD2d 328, 329 [1995]; *see also Rosado v Hughes*, 23 AD3d 318 [2005]).

We have considered defendant's remaining contention and find it unavailing. Concur—Mazzarelli, J.P., Sweeny, Moskowitz, Abdus-Salaam and Manzanet-Daniels, JJ.