■ PAGE P. WALKER, Respondent, v THOMAS D. WALKER, Appellant. [14 NYS3d 87]—

Appeals from (1) a judgment of the Supreme Court, Westchester County (La Tia Martin, J.), entered November 29, 2012, and (2) an order of that court (John P. Colangelo, J.), entered October 28, 2013. The judgment, insofar as appealed from, among other things, failed to award the defendant credit for payments made by him pursuant to an unallocated pendente lite support order or for payments made by him in connection with amounts owed on a home equity line of credit, directed the defendant to pay 62.5% of certain add-on expenses of the parties' children, including payments for college, and failed to impose a SUNY cap. The order, insofar as appealed from, denied the defendant's motion to modify the judgment.

Ordered that the judgment and the order are affirmed insofar as appealed from, with one bill of costs.

Contrary to the defendant's contention, he is not entitled to a credit against the distributive award in the amount of the difference between the pendente lite award and the final child support award. "When a pendente lite award of maintenance is found at trial to be excessive or inequitable, the Court may make an appropriate adjustment in the equitable distribution award" (*Johnson v Chapin*, 12 NY3d 461, 466 [2009]). "Although such a credit may be granted, it is not mandatory" (*Vantine v Vantine*, 125 AD3d 1259, 1263 [2015]). Here, there was no evidence presented warranting the defendant's recoupment of any portion of the unallocated pendente lite award (*see Wechsler v Wechsler*, 58 AD3d 62 [2008]).

Furthermore, the defendant is not entitled to a credit for his payment, during the pendency of the action, of amounts owed in connection with the parties' home equity line of credit. "In general, expenses incurred prior to the commencement of a divorce action constitute marital debt and should be equally shared by the parties" (*McCoy v McCoy*, 117 AD3d 806, 810 [2014] [internal quotation marks omitted]). Here, the Supreme Court directed the defendant to make the home equity line of credit payments and the plaintiff to make the mortgage payments in connection with the marital residence. Since the amounts that the defendant paid in connection with the home equity line of credit were less than the mortgage payments made by the plaintiff, he is not entitled to a credit for such payments (*see Lewis v Lewis*, 6 AD3d 837, 839-840 [2004]; *Savage v Savage*, 155 AD2d 336 [1989]).

Moreover, the Supreme Court properly directed the defendant to pay 62.5% of all add-ons and college expenses. Based upon the plaintiff's submissions and other evidence in the record, and the defendant's failure to present any evidence as to his income, the court properly imputed income of $150,000 to the defendant (*see Matter of Bow v Bow*, 117 AD3d 1542, 1543 [2014]; *see also Matter of Rohme v Burns*, 92 AD3d 946, 947 [2012]).

Additionally, the Supreme Court did not err in declining to impose a SUNY cap on the defendant's obligation to contribute to the costs of the children's college education. "Whether to impose a SUNY cap is determined on a case-by-case basis, considering the parties' means and the child[ren]'s educational needs" (*Tishman v Bogatin*, 94 AD3d 621, 622 [2012]; *see Berliner v Berliner*, 33 AD3d 745, 748 [2006]). Under the circumstances of this case, where the children have always at-

tended private school, the parties each attended private colleges and graduate school, and the parties have the financial ability to pay, it was not an improvident exercise of discretion for the court to decline to impose a SUNY cap (*see Evans v Evans*, 55 AD3d 1079, 1083 [2008]; *Massimi v Massimi*, 35 AD3d 400, 402-403 [2006]).

The defendant's remaining contentions are without merit. Mastro, J.P., Chambers, Maltese and Duffy, JJ., concur.