Wenig Saltiel & Johnson, LLP, Appellant, 
against
Yeshiva Ktana of Bensonhurst, Also Known as YESHIVA SHAAREI TORAH, and BAIS YAKOV OF BENSONHURST, Defendants, -and- OSHER LEVOVITZ, Respondent.



Appeals from two orders of the Civil Court of the City of New York, Kings County, entered December 12, 2013 (Harriet L. Thompson, J.) and January 26, 2015 (Theresa M. Ciccotto, J.), respectively. The orders, insofar as appealed from as limited by the brief, upon granting the branches of plaintiff's motions seeking to punish defendant Osher Levovitz, a judgment debtor, for civil contempt in failing to comply with a postjudgment subpoena, denied the branches of plaintiff's motions seeking the issuance of a warrant for the arrest of defendant Osher Levovitz to be brought before the Civil Court to comply with the postjudgment subpoena.




ORDERED that the orders, insofar as appealed from, are affirmed, without costs.
On February 1, 2013, a default judgment was entered in the principal sum of $21,298.20 against Osher Levovitz and the other defendants named in this action. On May 18, 2013, plaintiff, utilizing the devices contained in CPLR article 52 for the enforcement of a money judgment, served Levovitz with a subpoena for the taking of a deposition, requiring his attendance on June 10, 2013. Upon Levovitz's failure to appear at the scheduled deposition, plaintiff moved to punish him for civil contempt for his willful disobedience of the subpoena by 1) imposing a fine, 2) directing him to pay plaintiff's reasonable attorney's fees, and 3) the issuance of a warrant for his arrest in the event that he failed to purge himself of his contempt. By order dated October 4, 2013, the Civil Court (Ingrid Joseph, J.) granted the motion to the extent that Levovitz was directed to appear for a deposition, which was to be rescheduled by plaintiff.
When Levovitz failed to appear on November 4, 2013, the rescheduled date for his deposition, plaintiff again moved for the same relief. In support of the motion, plaintiff's counsel alleged that Levovitz had failed to appear at the rescheduled deposition and thereby had impaired, impeded and prejudiced plaintiff's rights and remedies since he had willfully disobeyed the subpoena and court order directing him to appear for the rescheduled deposition. By order entered December 12, 2013, the Civil Court (Harriet L. Thompson, J.) granted the motion to the extent of finding Levovitz in civil contempt, imposing a fine in the sum of $250, plus $50 costs, and directing Levovitz to appear for a deposition, which was to be rescheduled. Thereafter, when Levovitz failed to comply with that order, plaintiff again moved to, among other things, punish Levovitz for civil contempt and for the issuance of a warrant for his arrest. By order entered January 26, 2015, the Civil Court (Theresa M. Ciccotto, J.) granted the motion to the extent of finding Levovitz in civil contempt and imposing a fine in the sum of $500. As limited by its brief, plaintiff appeals from both orders to the extent that they denied the branches of the motions seeking the issuance of a warrant of arrest to bring Levovitz before the Civil Court to comply with the postjudgment subpoena.
The Civil Court orders found Levovitz to be in contempt, and each limited the [*2]punishment for his civil contempt to the payment of a fine, which fines, according to plaintiff, have been paid. Upon granting a civil contempt motion, "the fixing of the appropriate remedy [ ] is addressed to the sound discretion of the motion court" (Collins v Telcoa Intl. Corp., 86 AD3d 549, 550 [2011] [citations omitted]). While further penalties may be required in the event of continued disobedience of court orders (see Matter of Bobby D. Assoc. v Park, 97 AD3d 815 [2012]), we conclude that, at this point, the motion courts did not improvidently exercise their discretion in fixing the appropriate remedy by imposing fines as punishment for Levovitz's civil contempt.
Accordingly, the orders, insofar as appealed from, are affirmed.
Solomon, J.P., Weston and Elliot, JJ., concur.
Decision Date: March 13, 2017