In an action, inter alia, to enjoin the defendants from interfering with the plaintiff’s use of an easement for a common driveway for parking, the defendants appeal from an order of the Supreme Court, Nassau County (Brown, J.), entered May 23, 2016, which denied those branches of their motion which were to hold the plaintiff in criminal contempt pursuant to Judiciary Law § 750 (A) and civil contempt pursuant to CPLR 5104, and directed a framed-issue hearing to determine that branch of the defendants’ motion which was to hold the plaintiff in civil contempt pursuant to Judiciary Law § 753.
 

 Ordered that on the Court’s own motion, the defendants’ notice of appeal from so much of the order as directed a framed-issue hearing to determine that branch of the defendants’ motion which was to hold the plaintiff in civil contempt pursuant to Judiciary Law § 753 is deemed to be an application for leave to appeal from that portion of the order, and leave to appeal is granted (see CPLR 5701 [c]); and it is further,
 

 Ordered that the order is modified, on the law and the facts, by deleting the provision thereof directing a framed-issue hearing to determine that branch of the defendants’ motion which was to hold the plaintiff in civil contempt pursuant to Judiciary Law § 753, and substituting therefor a provision denying that branch of the defendants’ motion; as so modified, the order is affirmed, and it is further,
 

 Ordered that one bill of costs is awarded to the plaintiff.
 

 The imposition of punishment for criminal contempt requires a showing that the alleged contemnor knowingly, wilfully, and contumaciously violated a clear and unequivocal court mandate (see Judiciary Law § 750 [A] [3]; Wheels Am. N.Y., Ltd v Montalvo, 50 AD3d 1130, 1130-1131 [2008]; City of Poughkeepsie v Hetey, 121 AD2d 496, 497 [1986]; Matter of Holtzman v Beatty, 97 AD2d 79, 82 [1983]). Here, the defendants failed to meet their burden of showing that plaintiff had knowingly, wilfully, and contumaciously violated a clear and unequivocal mandate in a stipulation of settlement, which was agreed to by the parties on August 31, 2015, and so-ordered by the Supreme Court on October 6, 2015 (hereinafter the settlement agreement) (see Wheels Am. N.Y., Ltd v Montalvo, 50 AD3d at 1130-1131; City of Poughkeepsie v Hetey, 121 AD2d at 497; Matter of Holtzman v Beatty, 97 AD2d at 82).
 

 The defendants also failed to establish that the plaintiff refused or wilfully neglected to obey a clear and unequivocal mandate in the settlement agreement which could give rise to a finding of civil contempt pursuant to CPLR 5104 (see CPLR 5104; Matter of Lombardi v Habicht, 293 AD2d 476, 477 [2002]). Likewise, the record does not support the defendants’ contention that the plaintiff disobeyed a clear and unequivocal mandate in the settlement agreement which defeated, impaired, impeded, or prejudiced the rights of the defendants (see Judiciary Law § 753 [A]; Chambers v Old Stone Hill Rd. Assoc., 66 AD3d 944, 946 [2009]; Denaro v Rosalia, 50 AD3d 727 [2008]; Hom v Weintraub, 6 AD3d 579, 580 [2004]). In addition, the record does not indicate that there are any relevant factual issues warranting a hearing (see Jaffe v Jaffe, 44 AD3d 825, 826 [2007]).
 

 Accordingly, although the Supreme Court properly denied those branches of the defendants’ motion which were to hold the plaintiff in criminal contempt pursuant to Judiciary Law § 750 (A) and in civil contempt pursuant to CPLR 5104, the court also should have denied that branch of the motion which was to hold the plaintiff in civil contempt pursuant to Judiciary Law § 753. Rivera, J.P., Chambers, Duffy and Iannacci, JJ., concur.