Matter of Manfrede v Harris (2018 NY Slip Op 04730)





Matter of Manfrede v Harris


2018 NY Slip Op 04730


Decided on June 27, 2018


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on June 27, 2018
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

REINALDO E. RIVERA, J.P.
ROBERT J. MILLER
BETSY BARROS
FRANCESCA E. CONNOLLY, JJ.


2018-00945
 (Docket No. F-1530-05/15)

[*1]In the Matter of Angela M. Manfrede, respondent,
v
Aaron A. Harris, appellant.


Aaron A. Harris, Long Beach, NY, appellant pro se.



DECISION & ORDER
In a proceeding pursuant to Family Court Act article 4, the father appeals from an order of the Family Court, Nassau County (Thomas Rademaker, J.), dated November 29, 2017. The order denied the father's objections to so much of an order of the same court (Patricia Bannon, S.M.) dated April 18, 2017, as directed him to pay arrears for college expenses and to pay 61% of the out-of-pocket college expenses for the parties' child.
ORDERED that the order dated November 29, 2017, is affirmed, without costs or disbursements.
In this child support proceeding, the mother seeks contribution from the father for the subject child's college expenses. The father allegedly had promised to assist the child in paying for college, but had not made any financial contribution to those expenses. The Family Court did not err in denying the father's objections to the order of the Support Magistrate directing him to pay 61% of the child's out-of-pocket college expenses. The court may direct a parent to contribute to a child's private college education, even in the absence of special circumstances or a voluntary agreement of the parties, as long as the court's discretion is not improvidently exercised (see Domestic Relations Law § 240[1-b][c][7]; Family Ct Act § 413[1][c][7]; Matter of Holliday v Holliday, 35 AD3d 468; Matter of McLoughlin v McLoughlin, 213 AD2d 650; Cohen v Cohen, 203 AD2d 411). In determining whether to include such educational expenses as part of the parent's child support obligation, the court must consider the circumstances of the case, including the circumstances of the respective parties, the best interests of the child, and the requirements of justice (see Domestic Relations Law § 240[1-b][c][7]; Family Ct Act § 413[1][c][7]; Michael J.D. v Carolina E.P., 138 AD3d 151, 156; Matter of Rabasco v Lamar, 106 AD3d 1095; Maybaum v Maybaum, 89 AD3d 692, 697; Matter of Holliday v Holliday, 35 AD3d at 469). Here, it was not an improvident exercise of discretion for the Support Magistrate to direct the father to pay 61% of the child's out-of-pocket [*2]college expenses, which the Support Magistrate calculated to be his pro rata share based on the parties' incomes. Furthermore, it was not an improvident exercise of discretion for the Support Magistrate to decline to impose a SUNY cap in calculating the father's obligation for the child's out-of-pocket college expenses, as the father promised to help the subject child with the cost of attending private college, and the child relied upon that promise in choosing to attend the subject private college (see Walker v Walker, 130 AD3d 805, 806; Berliner v Berliner, 33 AD3d 745, 748).
The father's remaining contentions are without merit.
RIVERA, J.P., MILLER, BARROS and CONNOLLY, JJ., concur.
ENTER:
Aprilanne Agostino
Clerk of the Court