Venables v Rovegno (2021 NY Slip Op 03863)





Venables v Rovegno


2021 NY Slip Op 03863


Decided on June 16, 2021


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on June 16, 2021
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

MARK C. DILLON, J.P.
LEONARD B. AUSTIN
COLLEEN D. DUFFY
BETSY BARROS, JJ.


2019-06598
 (Index No. 24178/14)

[*1]Deidre S. Venables, et al., appellants, 
v
Marie E. Rovegno, respondent.


Tarbet & Lester, PLLC, East Hampton, NY (Brian J. Lester of counsel), for appellants.
Eric Bregman, PLLC, East Hampton, NY (Robert B. Taylor of counsel), for respondent.



DECISION & ORDER
In an action, inter alia, to permanently enjoin the defendant from interfering with an easement over certain real property, the plaintiffs appeal from an order of the Supreme Court, Suffolk County (Paul J. Baisley, Jr., J.), dated March 27, 2019. The order denied the plaintiffs' motion pursuant to Judiciary Law § 753(A)(3) to hold the defendant in civil contempt of an order of the same court dated July 25, 2017, and pursuant to Judiciary Law § 750(A)(3) to hold the defendant in criminal contempt of the same order.
ORDERED that the order dated March 27, 2019, is affirmed, with costs.
The parties are neighbors who are involved in litigation regarding an easement for a right-of-way over the defendant's property. In an order dated July 25, 2017 (hereinafter the July 2017 order), the Supreme Court, among other things, granted that branch of the plaintiffs' cross motion which was for summary judgment on the first cause of action to enjoin the defendant from interfering with their use of the easement. Subsequent to that order, the plaintiffs moved pursuant to Judiciary Law § 753(A)(3) to hold the defendant in civil contempt of the July 2017 order, and pursuant to Judiciary Law § 750(A)(3) to hold the defendant in criminal contempt of the same order. The court denied the plaintiffs' motion. The plaintiffs appeal.
"A motion to punish a party for civil contempt is addressed to the sound discretion of the motion court. To prevail on a motion to hold a party in civil contempt pursuant to Judiciary Law § 753(A)(3), the movant must establish by clear and convincing evidence (1) that a lawful order of the court was in effect, clearly expressing an unequivocal mandate, (2) the appearance, with reasonable certainty, that the order was disobeyed, (3) that the party to be held in contempt had knowledge of the court's order, and (4) prejudice to the right of a party to the litigation" (Matter of Mendoza-Pautrat v Razdan, 160 AD3d 963, 964 [citations omitted]; see El-Dehdan v El-Dehdan, 26 NY3d 19, 29; Wolfe v Wolfe, 71 AD3d 878). "The imposition of punishment for criminal contempt similarly requires a showing that the alleged contemnor violated a clear and unequivocal court mandate" (Wheels Am. N.Y. Ltd v Montalvo, 50 AD3d 1130, 1130; see Judiciary Law § 750[A][3]; City Wide Sewer & Drain Serv. Corp. v Carusone, 39 AD3d 687, 688). "An essential element of criminal contempt is willful disobedience" (Wheels Am. N.Y. Ltd v Montalvo, 50 AD3d [*2]at 1130; see Dalessio v Kressler, 6 AD3d 57, 66).
Here, the record does not support the plaintiffs' contention that the defendant disobeyed a clear and unequivocal mandate in the July 2017 order which defeated, impaired, impeded, or prejudiced their rights (see Judiciary Law § 753[A]; Dreher v Martinez, 155 AD3d 688, 689-690; Chambers v Old Stone Hill Rd. Assoc., 66 AD3d 944, 946). Moreover, the plaintiffs failed to meet their burden of showing that the defendant had knowingly, wilfully, and contumaciously violated a clear and unequivocal mandate set forth in the July 2017 order (see Dreher v Martinez, 155 AD3d at 689; Wheels Am. N.Y., Ltd v Montalvo, 50 AD3d at 1130-1131).
Accordingly, the Supreme Court properly denied the plaintiffs' motion to hold the defendant in civil and criminal contempt of the July 2017 order.
DILLON, J.P., AUSTIN, DUFFY and BARROS, JJ., concur.
ENTER:
Aprilanne Agostino
Clerk of the Court