Ruffino v Serio (2022 NY Slip Op 03758)

Ruffino v Serio

2022 NY Slip Op 03758

Decided on June 8, 2022

Appellate Division, Second Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on June 8, 2022
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

BETSY BARROS, J.P.
ANGELA G. IANNACCI
CHERYL E. CHAMBERS
DEBORAH A. DOWLING, JJ.

2019-12311
 (Index No. 200613/06)

[*1]Angela Ruffino, appellant,
v
Joseph Serio, respondent.

Law Offices of Eyal Talassazan, P.C., Garden City, NY, for appellant.

DECISION & ORDER
In a matrimonial action in which the parties were divorced by judgment entered September 23, 2009, the plaintiff appeals from stated portions of an order of the Supreme Court, Nassau County (Joseph H. Lorintz, J.), dated January 3, 2019. The order, without a hearing, inter alia, denied that branch of the plaintiff's motion which was to hold the defendant in contempt for violating the maintenance provision in the parties' stipulation of settlement, which was incorporated but not merged into the judgment of divorce.
ORDERED that the order is affirmed insofar as appealed from, without costs or disbursements.
The parties were married in 1986. In April 2006, the plaintiff commenced this action for a divorce and ancillary relief. The parties subsequently entered into a stipulation of settlement dated March 17, 2009 (hereinafter the stipulation), which was incorporated but not merged into a judgment of divorce entered September 23, 2009.
In August 2018, the plaintiff moved, inter alia, pursuant to Judiciary Law § 753(A)(3) and Domestic Relations Law § 245, to hold the defendant in contempt for violating the maintenance provision in the stipulation by paying only $1,200 for monthly maintenance. The stipulation provided that the defendant must use his best efforts to make monthly maintenance payments of $2,000, but required him, in any event, to make monthly minimum payments of $400. In an order dated January 3, 2019, the Supreme Court, denied the plaintiff's motion. The plaintiff appeals.
"A motion to punish a party for civil contempt is addressed to the sound discretion of the motion court. To prevail on a motion to hold a party in civil contempt pursuant to Judiciary Law § 753(A)(3), the movant must establish by clear and convincing evidence (1) that a lawful order of the court was in effect, clearly expressing an unequivocal mandate, (2) the appearance, with reasonable certainty, that the order was disobeyed, (3) that the party to be held in contempt had knowledge of the court's order, and (4) prejudice to the right of a party to the litigation" (Venables v Rovegno, 195 AD3d 879, 880 [internal quotation marks omitted]; see El-Dehdan v El-Dehdan, 26 NY3d 19, 29). "'The imposition of punishment for criminal contempt similarly requires a showing that the alleged contemnor violated a clear and unequivocal court mandate'" (Venables v Rovegno, 195 AD3d at 880, quoting Wheels Am. N.Y., Ltd v Montalvo, 50 AD3d 1130, 1130; see Judiciary Law § 750[A][3]). "Moreover, an essential element of criminal contempt is willful disobedience" [*2](Scialdone v Stepping Stones Assoc., L.P., 148 AD3d 955, 956; see El-Dehdan v El-Dehdan, 26 NY3d at 35). Here, the record does not support the plaintiff's contention that the defendant disobeyed a clear and unequivocal mandate in the stipulation (see Venables v Rovegno, 195 AD3d at 881; Cover v Cover, 173 AD3d 970, 971; Dreher v Martinez, 155 AD3d 688, 689).
The plaintiff's remaining contentions are without merit.
BARROS, J.P., IANNACCI, CHAMBERS and DOWLING, JJ., concur.
ENTER:
Maria T. Fasulo
Clerk of the Court