Califano v Califano (2023 NY Slip Op 00840)

Califano v Califano

2023 NY Slip Op 00840

Decided on February 15, 2023

Appellate Division, Second Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on February 15, 2023
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

BETSY BARROS, J.P.
ROBERT J. MILLER
JOSEPH A. ZAYAS
LILLIAN WAN, JJ.

2020-02959
 (Index No. 203266/12)

[*1]Donna F. Califano, respondent, 
v
Umberto D. Califano, appellant.

Law Office of David W. Teeter, P.C., Garden City, NY, for appellant.

DECISION & ORDER
In a matrimonial action in which the parties were divorced by judgment entered April 20, 2017, the defendant appeals from an order of the Supreme Court, Nassau County (Stacy D. Bennett, J.), dated January 24, 2020. The order, insofar as appealed from, denied those branches of the defendant's motion which were to hold the plaintiff in contempt for violating certain provisions of the parties' stipulation of settlement, which was incorporated but not merged into the judgment of divorce, and to direct the plaintiff to comply with those provisions of the stipulation of settlement.
ORDERED that the order is affirmed insofar as appealed from, without costs or disbursements.
On January 12, 2017, as part of their divorce proceeding, the parties entered into a stipulation of settlement (hereinafter the stipulation), which was incorporated but not merged into a judgment of divorce entered April 20, 2017. The stipulation provided, in relevant part, that the plaintiff would obtain "a price to sell the ring" from one jewelry buyer, and from a second buyer at her option, and the parties "shall then sell the ring for the higher price," subject to the defendant's right of first refusal to buy the ring "at 50% of the higher price in cash within 30 days." The stipulation referred to "the ring" without any descriptive or identifying language. The stipulation did not state whether or how the proceeds from the sale of the ring should be distributed in the event that the defendant failed to exercise his right of first refusal.
The defendant did not exercise his right of first refusal, and the plaintiff sold the ring to a third party. In May 2017, the defendant, through counsel, requested that the plaintiff remit one-half of the sale price of the ring to the defendant. In August 2019, based on the plaintiff's failure to comply with this request, the defendant moved, inter alia, pursuant to Judiciary Law § 753 and Domestic Relations Law § 245 to hold the plaintiff in contempt for failing to comply with the provisions of the stipulation relating to the ring and to direct her to comply with those provisions of the stipulation. The Supreme Court, among other things, denied those branches of the defendant's motion, and the defendant appeals.
"'A motion to punish a party for civil contempt is addressed to the sound discretion of the motion court. To prevail on a motion to hold a party in civil contempt pursuant to Judiciary Law § 753(A)(3), the movant must establish by clear and convincing evidence (1) that a lawful order of the court was in effect, clearly expressing an unequivocal mandate, (2) the appearance, with reasonable certainty, that the order was disobeyed, (3) that the party to be held in contempt had [*2]knowledge of the court's order, and (4) prejudice to the right of a party to the litigation'" (Venables v Rovegno, 195 AD3d 879, 879, quoting Matter of Mendoza-Pautrat v Razdan, 160 AD3d 963, 964; see El-Dehdan v El-Dehdan, 26 NY3d 19, 29).
Here, the stipulation contained no language expressly requiring the plaintiff to remit one-half of the proceeds of the sale of the ring, or any portion of those proceeds, to the defendant. Thus, there is no support in the record for the defendant's contention that the plaintiff disobeyed a clear and unequivocal mandate in the stipulation (see Ruffino v Serio, 206 AD3d 776, 777-778; Dreher v Martinez, 155 AD3d 688, 689). Accordingly, the Supreme Court properly denied those branches of the defendant's motion which were to hold the plaintiff in contempt for failing to comply with the provisions of the stipulation relating to the ring and to direct her to comply with those provisions of the stipulation.
BARROS, J.P., MILLER, ZAYAS and WAN, JJ., concur.
ENTER:
Maria T. Fasulo
Clerk of the Court