■ In the Matter of MYROSLAWA PRYSTAY, Respondent, v JOHN G. AVILDSEN, Appellant. [673 NYS2d 679] —Order, Family Court, New York County (Leah Marks, J.), entered on or about February 14, 1997, which rejected respondent's objections to the decision and order of the Hearing Examiner dated November 29, 1996 directing respondent to pay all expenses for the subject child's attendance at private school, unanimously affirmed, without costs.

We agree with Family Court that it would be in the best interests of the subject child to remain at the private military boarding school he has attended for the past five years and at which he has only one year to go before graduation (*see, Valente v Valente*, 114 AD2d 951), and, accordingly, that an award of educational expenses for that purpose pursuant to Family Court Act § 413 (1) (c) (7) is appropriate. The child's performance at the boarding school has been successful in both academic and military areas of instruction and has been free of the difficulties and behavioral problems exhibited by him at the public school he attended prior to his enrollment at the boarding school. Respondent is fully able to pay for the child's attendance at the boarding school, and while two other sons of his attended public school, "it would be improper to assume that whatever is good for one child is automatically good for the other [child]" (*Matter of Cassano v Cassano*, 203 AD2d 563, 565, *affd* 85 NY2d 649).

While we agree with respondent that certain documents proffered by petitioner should not have been received in evidence

as business records pursuant to CPLR 4518 (a) (*see, Matter of Jodel KK.*, 189 AD2d 63, *lv denied* 82 NY2d 652), even without the disputed evidence it is clear that it is in the child's best interests to allow him to complete the course of private school study in which he has been successfully engaged for the last five years.

We have considered respondent's remaining contentions and find them to be without merit. Concur—Sullivan, J. P., Rosenberger, Wallach and Andrias, JJ.