■ Anna-Sophia L., Appellant, v Paul H., Respondent. [860 NYS2d 510]—

Order, Family Court, New York County (Jody Adams, J.), entered on or about June 30, 2006, which denied petitioner's objections to the Support Magistrate's order denying her application for counsel and expert fees, unanimously modified, on the law and the facts, to remand the matter for a hearing to determine the amount of counsel fees to which petitioner is entitled, and otherwise affirmed, without costs.

Petitioner sought child support after it was determined in this filiation proceeding that respondent is the father of her child, who was born in 2000 and has characteristics placing her on the autism spectrum. Petitioner is a college graduate and earns a salary of approximately $96,000. Respondent is an investor who holds an undergraduate degree from Harvard and J.D. and M.B.A. degrees from Columbia. He earned $6.5 million in 2000 but claimed to have earned virtually no income thereafter due to the collapse of the Internet bubble. However, he testi-

fied that in 2003 he spent approximately $155,700 on business and personal expenses. Notwithstanding this, respondent argued that he should not have to pay any child support until his financial situation improved. At most, he asserted that he should be required to pay child support of no more than the statutory minimum of $25 per month.

The Support Magistrate did not credit respondent's testimony concerning his financial position. To the contrary, based on the evidence of respondent's expenses in 2003, she imputed income to him of $156,000, the amount petitioner had argued should be imputed. The Support Magistrate applied the statutory percentage of 17% on the parties' combined income up to $80,000, as well as the combined income over $80,000. Respondent's pro rata share was found to be 62%, and he was ordered to pay petitioner $2,213.46 per month.

Petitioner moved for an award of counsel and expert fees pursuant to Family Court Act § 536. That section provides, in pertinent part, that: "Once an order of filiation is made, the court in its discretion may allow counsel fees to the attorney for the prevailing party, if he or she is unable to pay such counsel fees."

The Support Magistrate denied the application. She found that "the fees charged by counsel in this matter . . . [were] appropriate to the experience, abilities and reputation of the attorneys involved." However, she criticized the number of hours it took to prosecute what she considered a "fairly straightforward" case. She further found that "the expenditure of time and money for the prosecution and presentation of petitioner's prima facie case and the determination of respondent's income for child support purposes was unreasonable considering the totality of the circumstances and the results achieved; i.e., the final order of child support." Finally, the Support Magistrate found that an award of fees was unwarranted as "petitioner has demonstrated to this court that she does have the wherewithal to contribute toward her own counsel fees."

We find that petitioner is entitled to an award of counsel fees and modify to remand for a hearing to determine the amount of such fees. First, while the Support Magistrate may have been correct that the expenditure of fees was disproportionate to the result achieved, there is nothing in the record to suggest that petitioner or her counsel were at fault for that. To the contrary, the court rejected respondent's position that he was impoverished and imputed to him a significant income. To the extent that petitioner's attorneys were forced to litigate what would have been an easily resolved issue but for respondent's less

than forthright position concerning his true financial state, respondent should reimburse petitioner for the fees incurred (*see Stern v Stern*, 67 AD2d 253, 254 [1979] [counsel fees awarded to wife in divorce proceeding because "(i)t would be unjust to have her, in effect, extinguish (assets) to pay counsel fees incurred in reaching a settlement which might just as easily have been attained much earlier, but for, what appears to be, in retrospect, a lack of good faith by the husband"]).

Even if, as the Support Magistrate found, petitioner had the funds to pay her attorneys, that is not in itself a bar to an award of counsel fees. "Indigency is not a prerequisite to an award of counsel fees" (*DeCabrera v Cabrera-Rosete*, 70 NY2d 879, 881 [1987]), nor should that "oft-repeated rule . . . be understood to imply that a spouse's assets must be spent down to near-indigency before a counsel fee application will be entertained" (*Charpié v Charpié*, 271 AD2d 169, 172 [2000]). Furthermore, a court should not permit a party to a support proceeding "to drive [the other party] to the brink of indigency by needless, time-wasting legal maneuvering, and then raising [the other party's] pre[-proceeding] solvency as a defense to a claim for counsel fees" (*Stern*, 67 AD2d at 256).

There is no indication that the Support Magistrate gave any consideration to petitioner's statement in her affidavit that she was able to fund the litigation only by depleting her savings and liquidating stock, and that she is on the brink of running out of money altogether. Moreover, respondent did not challenge petitioner on this point. Rather, he claimed in his own affidavit that "[t]he record shows that she depleted her savings financing this irrational and vengeful proceeding." However, the fact that the Support Magistrate imputed income to respondent and awarded support well above the statutory minimum establishes that the proceeding was eminently rational. We note that respondent's characterization of the proceeding as "vengeful" is offensive, considering that petitioner was merely seeking to compel him to do what he should have done voluntarily; that is, support his daughter. Finally, to the extent that respondent argues that petitioner's attorneys engaged in abusive and excessive billing practices, he can raise those issues at a hearing to determine the amount of fees which should be awarded to petitioner.

Notwithstanding the foregoing, the Support Magistrate was correct in denying that part of petitioner's application which sought expert fees. It is questionable whether expert fees are even available in a Family Court Act article 5 proceeding, since Family Court Act § 536 only mentions counsel fees. In any event,

the Support Magistrate expressly stated in her decision and order awarding petitioner child support that the expert's testimony was not dispositive of her decision to impute income to respondent. Concur—Tom, J.P., Mazzarelli, Andrias and Williams, JJ.