Adjmi v Tawil (2020 NY Slip Op 00911)





Adjmi v Tawil


2020 NY Slip Op 00911


Decided on February 6, 2020


Appellate Division, First Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on February 6, 2020

Acosta, P.J., Richter, Kapnick, Mazzarelli, Moulton, JJ.


300805/17 10963A 10963

[*1] Eric Adjmi, Plaintiff-Respondent-Appellant,
v
Vanessa Tawil, Defendant-Appellant-Respondent.


Ezra Sutton, P.A., New York (Ezra Sutton of counsel), for appellant-respondent.
Rower LLC, New York (Alyssa A. Rower of counsel), for respondent-appellant.



Judgment, Supreme Court, New York County (Laura E. Drager, J.), to the extent appealed from as limited by the briefs, directing plaintiff husband to pay $7,000 monthly in child support and the parties' child's tuition at a Jewish day school from preschool through 12th grade, unanimously affirmed, without costs. Order, same court and Justice, entered January 22, 2019, to the extent it awarded defendant wife counsel fees, unanimously reversed, on the law, and the order vacated to that extent, and appeal therefrom otherwise dismissed, without costs, as subsumed in the appeal from the judgment.
The trial record demonstrates that the child support award amply provides for the child's actual needs (see Matter of Vladlena B. v Mathias G., 52 AD3d 431 [1st Dept 2008]). As the parties separated while defendant was still pregnant, "it cannot be said that a standard of living was established for the child" (Michael J.D. v Carolina E.P., 138 AD3d 151, 157 [1st Dept 2016]). Contrary to defendant's contention, plaintiff's wealth alone is insufficient to warrant doubling the child support award (see id. at 157-158; Vladlena B., 52 AD3d at 431).
The trial court providently exercised its discretion in directing plaintiff to pay 100% of the child's tuition at a Jewish day school from preschool through 12th grade (see Domestic Relations Law § 240[1-b][c][7]). The evidence establishes that two of defendant's children and three of plaintiff's children attended Jewish day schools and that plaintiff actively supported religious education and could afford the tuition (see Friedman v Friedman, 216 AD2d 204, 205 [1st Dept 1995] [private religious school appropriate where "religion has been an integral part of the family lifestyle"]).
The award of counsel fees to defendant is precluded by her attorney's failure to comply with the rules pertaining to domestic relations matters (22 NYCRR part 1400) (Montoya v Montoya, 143 AD3d 865, 865-866 [2d Dept 2016]; Julien v Machson, 245 AD2d 122 [1st Dept 1997]). Defendant was represented in these matrimonial proceedings by her father, a patent [*2]lawyer, for more than a year. However, she did not execute a retainer agreement until shortly before the trial, and she testified that her father had never sent her an itemized bill (see 22 NYCRR 1400.3).
THIS CONSTITUTES THE DECISION AND ORDER
OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: FEBRUARY 6, 2020
CLERK