Matter of Sarah L. v Pnina P. (2022 NY Slip Op 03176)





Matter of Sarah L. v Pnina P.


2022 NY Slip Op 03176


Decided on May 12, 2022


Appellate Division, First Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided and Entered: May 12, 2022

Before: Gische, J.P., Scarpulla, Mendez, Shulman, Higgitt, JJ. 


Docket No. F1083/19 Appeal No. 15928 Case No. 2021-04410 

[*1]In the Matter of Sarah L., Petitioner-Respondent,
v
Pnina P., Respondent-Appellant.


Rosenfeld & Vallejo-Juste, LLP, New York (Nicole Trivlis of counsel), for appellant.
Chemtob Moss Forman & Beyda, LLP, New York (Michael F. Beyda of counsel), for respondent.



Order, Family Court, New York County (Jonathan H. Shim, J.), entered on or about September 29, 2021, which denied respondent Pnina P.'s objection to so much of an order, same court (Amanda Norejko, Support Magistrate), entered on or about April 21, 2021, directing her to pay 43% of the subject child's unreimbursed healthcare, childcare, and private school educational expenses, unanimously modified, on the law, to the extent of vacating the award of private school educational expenses and limiting the awards of unreimbursed healthcare and childcare expenses to reasonable expenses, and otherwise affirmed, without costs.
As a threshold matter, we reject petitioner's argument that this Court lacks jurisdiction to hear this appeal. It is undisputed that the notice of appeal was timely filed. To the extent respondent failed to timely serve the notice, that deficiency has not prejudiced petitioner, and thus we excuse that failure (see CPLR 2001, 5520[a]; M Entertainment, Inc. v Leydier, 71 AD3d 517, 518 [1st Dept 2010]).
The Support Magistrate providently exercised her discretion in allocating to respondent her pro rata share of unreimbursed healthcare and childcare expenses (see generally Family Court Act § 413[1][c][5][v], [1][c][6]). However, those awards should have been limited to "reasonable" expenses (id.; Schorr v Schorr, 96 AD3d 583, 584 [1st Dept 2012]).
Under the circumstances of this case, the award of private school educational expenses was not warranted (see Family Court Act § 413[1][c][7]; Michael J.D. v Carolina E.P., 138 AD3d 151, 156-157 [1st Dept 2016]). Although the parties originally anticipated that the five-year-old child would attend private school, respondent's income to pay this expense is limited, especially taking into account that respondent is solely responsible for financially supporting the subject child's two half sisters. Because petitioner already has greater income and assets than respondent, the award of private school educational expenses, which are substantial in this case, would not serve the interests of justice (see generally Matter of Commissioner of Social Servs. of City of N.Y. v Rush, 152 Misc 2d 823, 828-829 [Family Ct, NY County 1991]; see also Family Court Act § 413[1][f][8]).
THIS CONSTITUTES THE DECISION AND ORDER
OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: May 12, 2022