Molner v Molner (2025 NY Slip Op 06549)

Molner v Molner

2025 NY Slip Op 06549

Decided on November 25, 2025

Appellate Division, First Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided and Entered: November 25, 2025

Before: Webber, J.P. SEQ CHAPTER \h \r 1, Kennedy, González, Higgitt, Michael, JJ. 

Index No. 301261/12|Appeal No. 5222|Case No. 2024-05803|

[*1]David Molner, Respondent,
v
Naomi Molner, Appellant.

Robert S. Michaels, P.C., New York (Robert S. Michaels of counsel), for appellant.
David L. Molner, respondent pro se.

Order, Supreme Court, New York County (Michael L. Katz, J.), entered on or about August 19, 2024, which, to the extent appealed from and appealable, granted plaintiff husband's motion for interim relief pending a financial hearing, to the extent of ordering the wife to pay 100% of the 2024-2025 college tuitions for the parties' two sons and to pay 50% of any future college expenses for the children, their daughter A.M.'s private school tuition, and their daughter G.M.'s therapeutic treatment, subject to reallocation, unanimously reversed, on the law, with costs, the husband's motion for interim relief regarding the payment of any future college expenses for the children and the daughters' respective private school tuition and therapeutic treatment denied, without prejudice, and the matter remanded for further proceedings.
The court improperly granted plaintiff husband's application for interim relief by directing defendant wife to pay a percentage of certain child support add-on expenses, effectively modifying the parties' financial agreement and judgment of divorce before the anticipated financial hearing. The court made this determination notwithstanding the husband's failure to attach a current sworn statement of net worth as required by 22 NYCRR 202.16(k)(2) and his failure to provide his most recently filed tax returns or any financial documentation (see Neufeld v Neufeld, 135 AD3d 570, 570 [1st Dept 2016]). The husband's argument that the net worth statements he submitted in 2015 and 2018, neither of which were annexed to this application, satisfied the statutory requirement is unavailing. He filed the instant application six years after he submitted his most recent net worth statement and does not attest that either statement reflects his current financial situation. Moreover, there was no basis for the court's determination as to why deviation from the parties' financial agreement, and the status quo, was needed ahead of the financial hearing before the Referee (see Michael J.D. v Carolina E.P., 138 AD3d 151, 156 [1st Dept 2016]). Nor is the record sufficient to permit appellate review of this issue (see Perrone v Perrone, 224 AD3d 518, 519 [1st Dept 2024]).
To the extent the wife appeals that portion of the order directing her to pay 100% of the 2024-2025 college tuitions for the parties' two sons, the order states that this relief was granted on consent, and thus, it is not appealable (see Matter of Shteierman v Shteierman, 29 AD3d 810, 810 [2d Dept 2006]).
THIS CONSTITUTES THE DECISION AND ORDER OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: November 25, 2025